## COMMONWEALTH *versus* JOHN CULLINS.

The wife of a person who has been absent six or seven years in the *East Indies*, cannot be considered as a *feme sole*. A person stealing goods in another state who brings them into this state, may be indicted *here* for the larceny.

THE defendant was indicted for *larceny*. The indictment contained *two counts*, the *first* of which charged the defendant with stealing 98 handkerchiefs, of the goods and chattels of *Hannah*

*Healey;* in the *second count* the goods stolen were alleged to belong to *Walter Healey.*

The defendant pleaded not guilty. *The Attorney-General,* (*Sullivan,*) in opening, stated that *Walter Healey,* the husband of *Hannah Healey,* had been absent six or seven years in the *East Indies;* that, if alive, it was not probable he would ever return; and that his wife had, for several years past, at *D.,* in this county, been in trade, and carried on business as a *feme sole.* And he had drawn the indictment in its present form, that if the defendant should be convicted, and by the sentence of the Court assigned in service, the Court might, if they thought it legal, direct a verdict to be taken on the *first count* only, in order to enable *Hannah Healey* to *make* the assignment.

The Court (*Strong, Sedgwick,* and *Thacher,* justices) thought that the goods stolen could not be considered as the property of *Hannah Healey,* who was, in legal estimation, still the wife of *Walter Healey,* and, therefore, that the prisoner, if at all convicted, could not be found guilty of the first charge in the indictment.

It appeared in evidence that the whole number of the [ \* 117 ] handkerchiefs alleged to have been stolen \* were originally taken in the state of *Rhode Island, seventy-six* of which were traced and found by him in *this* county.

SEDGWICK, J., who summed up the evidence to the jury, said the Court were clearly of opinion that stealing goods in one *state,* and conveying stolen goods into another *state,* was similar to stealing in one *county,* and conveying the stolen goods into *another,* which was always holden to be felony in *both* counties; and, therefore, the jury (if they believed the witnesses,) would find the defendant guilty of stealing 76 handkerchiefs on the *second* count in the indictment.

The jury found a verdict accordingly. (1)

(1) In *The People* vs. *Gardner,* 2 *Johnson's New York Term Reports,* 477, it was decided that a prisoner apprehended in the state of *New York,* in possession of a horse which he had stolen in *Vermont,* could not be convicted in the former state.

It is true that if a man steal goods in one county, and carry them into another it is felony in the second county, "for the continuance of the asportation is a new caption." But there was by the common law an allowed diversity in cases where the original caption was not a felony, or was not such a felony as came within the cognizance of the law. A pirate carrying goods, whereof he had robbed the owner upon the high seas, into any county, could not there be indicted of the larceny.—1 *Hawk.* *c.* 33, § 9.—So when one stole goods in *Scotland,* and carried them into *England,* he could be convicted of larceny in the latter country.—*East, C. L. c.* 16, § 156, *Rex* vs. *Anderson.*—This, however, is now altered by *stat.* 13 *Geo.* III. *c.* 34, § 4.—The doctrine of this case (*Commonwealth* vs. *Cullins*) was, however, confirmed by the Court in a subsequent case, where an indictment was supported against a person who received *here* goods stolen in *New Hampshire.*—Vol ii. 14. *Commonwealth* vs *Andrews* —[See the note to that case, where its authority is doubted.—ED.]