## WALTER PARKER v. FORT WORTH & DENVER CITY RAILWAY COMPANY.

### No. 7257.

1. **Condemnation Proceedings— Notice Necessary.** — The proceeding to condemn land for public use is special in its character, and its validity must depend upon a compliance with the law authorizing it. Nothing is to be presumed in favor of the power of such a special tribunal, and it is incumbent in one seeking to show rights under its decree to show that the court had acquired jurisdiction to render it. Notice to the owner of the land sought to be condemned is necessary to jurisdiction, and this can not be presumed from declarations contained in the report of the commissioners, nor from recitals in the decree of condemnation, but must be proved.

2. **Notice of Condemnation Proceedings.**—The Revised Statutes, articles 4186, 4187, 4188, 4189, 4190, prescribe the mode of service of notice where owner is unknown, and of the return or evidence of the service of the necessary notices. Until these provisions are complied with the commissioners have no authority to assess damages or to make a report, and the court has no jurisdiction to declare the condemnation.

3. **Right of Way—Report of Commissioners.**—The commissioners in condemnation proceedings are required to make a report, wherein must be stated the amount of damages allowed the landowner, and they are required to return with this "all other papers connected with the case." But they are not judges of the sufficiency of notice.

4. **Description in Condemnation Proceedings.**—The statute requires the applicant for condemnation of land "to state in writing the real estate and property sought to be condemned;" and if this be not done so as to identify the land to be taken, the jurisdiction never attaches. It is the right of the owner to know exactly the precise land taken, and the right of the party acquiring to know that which he has acquired.

5. **Same.**—It was insufficient in description to condemn for right of way a tract 50 feet on each side of the center of the railway track through a described tract of land. The locality of the track through the land should have been noted.

6. **Innocent Purchaser.**—Subsequent to condemnation proceedings taken against the owner of a tract of land through which a railway was surveyed, the land was sold. At date of the sale the condemnation proceedings had not been recorded in the county in which the land was situated. In litigation with the railway company the purchaser had the right to submit the issue of bona fide purchaser. This if proved would defeat the proceeding.

APPEAL from Wichita. Tried below before Hon. P. M. STINE. No statement is necessary.

*W. W. Flood*, for appellant.—1. The proceeding to condemn right of way for public purposes is purely statutory, and is limited and special, and no right can accrue thereunder unless it affirmatively appear from the proceedings that all the requirements specified by the statute have been fully complied with. No jurisdiction, "which is the right to hear and determine," attaches unless it is fully shown that every stage in the proceeding has been literally fulfilled. Rev. Stats., arts. 4182, 4183, 4190, showing manner of service on unknown owners; Rev. Stats., arts. 1235, 1238, showing prerequisite and manner of service in such case and return thereon; Mitchell v. Runkle, 25 Texas Sup., 132; Wait's Act. and Def., 566; Ct. App. C. C., secs. 393, 394; Freem. on Judg., sec., 123, note 2.

2. No presumption will be indulged in favor of this proceeding. Every requirement of the statute must affirmatively appear of record, showing that jurisdiction was properly acquired over the owners of the premises, since from the inception to the conclusion of the proceeding, when no exceptions are filed to the award of damages made by the commissioners, every act of the tribunal, down to and including the entry of judgment, is purely ministerial, is in derogation of the common law; and having no authority to determine the jurisdictional facts, the entire proceeding becomes a nullity in the absence of the record evidence showing compliance with every requirement. Rev. Stats., arts. 4202, 4203; Lessees of Grignon v. Astor, 2 How., 320; Harvey v. Tyler, 2 Wall., 342; Pulaski County v. Stuart, 28 Gratt., 879.

3. A distinction is to be made between a voluntary and an involuntary conveyance. Latent ambiguities can be explained by extrinsic evidence in the former, but in the latter case the action is in hostility to the owner. There is no presumption of intention to convey, and if description in such conveyance is not complete in itself it is void. Wofford v. McKinna, 23 Texas, 36; Brown v. Chambers, 63 Texas, 131; Ct. App. C. C., secs. 395, 396, and authorities cited; Id., sec. 444; Railway v. Merkel, 32 Texas, 723.

4. One buying land without notice, actual or constructive, of any prior right therein of another, and who has paid value thereof, is entitled to be protected as an innocent purchaser as against any such prior right. Sayles' Civ. Stats, arts. 4339, 4340, and note 3; Railway v. Chaffin, 60 Texas, 553; Street Railway v. Morrow, 11 S. W. Rep., 348, and Illinois authority there cited as to this class of estate.

No brief for appellee reached the Reporter.

STAYTON, CHIEF JUSTICE.—This is an action of trespass to try title, instituted by appellant to recover a section of land patented to Simon Stark, from whom he deraigned title by regular chain of transfer.

Appellee, after having first made defense to the entire action, disclaimed as to all the land sued for except a strip of land 100 feet wide, extending through the grant, over which it claimed to have acquired right of way through proceedings in condemnation instituted on May 15, 1882, which was prior to the purchase of the land by appellant.

Judgment was rendered in favor of the plaintiff for the land, subject to the defendant's right of way, which it was held had vested in defendant.

The petition seeking condemnation alleged, that the owners of the land were unknown; that the company had laid out its line through Wichita County and was then engaged in constructing its road, and that "it is necessary that the line thereof should run and the same has been laid out over and through a parcel of land in said county described as follows, to-wit: being a survey or headright in the name of the San Antonio & Mexican Gulf Railway Company, and situated about fifteen miles from the town of Wichita Falls, located by virtue of said company scrip No. 21–210, abstract No. 274, patented to Simon Stark December 12, 1874, patent No. 330, volume 7, containing 640 acres of land, and said line as located and to be constructed enters said tract of land on its eastern boundary, and running in a northwesterly direction passes out of said tract of land on the western boundary line of the same, and embraces a width of fifty feet on each side of the entire line of said railway as located."

On the same day the county judge appointed commissioners to assess the damages "on the land described in said petition by reason of the construction of said railway thereon." On June 26, 1882, the commissioners made a report, in which they stated, that after giving notice to parties as required by law they heard evidence in the absence of the owner "as to the land described in the petition and the damages thereto by reason of the construction of the railway thereon, and assess the damages thereto at $18.75."

On this report, on July 13 following, the county judge entered a decree, which recited an inspection of the petition, notices, and report of the commissioners, and declared that the petition was duly filed, the commissioners regularly appointed, and that the owners of the land sought to be condemned had been served with notice. The decree then declares, that the damages had been deposited in court subject to the order of the owners of the land, and decreed, "that the right of way in, to, and through the following described tract or parcel of land, situated in the county of Wichita, and State of Texas, to-wit, being a survey in the name of the San Antonio & Mexican Gulf Railway, situated about fifteen miles west from the town of Wichita Falls, located by said company scrip No. 21–210, and patented to Simon Stark on December 12, 1874, patent No. 330, volume 7, and known by abstract No. 274, containing 640 acres of land, be granted to and vested in the Fort

Worth & Denver City Railway Company, its successors and assigns, forever.''

Many objections were urged to the admission in evidence of the petition seeking condemnation of right of way, to the report of the commissioners, and to the decree of condemnation; but is not necessary to notice more than two of them.

It was urged, that the decree was inadmissible in the absence of evidence that such notice had been given to owners as the law prescribes, and we are of opinion that this objection should have been sustained. The proceeding to condemn land for public use is special in its character, and its validity must depend upon a compliance with the law authorizing it. Nothing is to be presumed in favor of the power of such a special tribunal, and it is incumbent on one seeking to show right under its decree to show that the court had required jurisdiction to render it.

Notice to the owner of the land sought to be condemned is necessary to jurisdiction, and this can not be presumed from declarations contained in the report of the commissioners, nor from recitals in the decree of condemnation, but must be proved. Commissioners v. Thompson, 15 Ala., 139; Barnett v. The State, 15 Ala., 329; Molett v. Keenan, 22 Ala., 484; Inhabitants v. Pope, 1 Mass., 87; Southard v. Ricker, 43 Me., 576; Prentiss v. Parks, 65 Me., 559; Leavitt v. Eastman, 77 Me., 119; Dupont v. Commissioners, 24 Mich., 362; Daniels v. Smith, 38 Mich., 660; Lane v. Burnap, 39 Mich., 736; Nielson v. Wakefield, 43 Mich., 434; Whitely v. Platte County, 73 Mo., 30; The State v. County, 6 Neb., 130; Simon v. City, 47 N. J. L., 490; Thompson v. County, 2 Ore., 41; The State v. Officer, 4 Ore., 182; Appeal of Railway Co., 102 Pa. St., 38; Railway v. Troisch, 47 Ill., 155.

This is the general rule as to proceedings of special tribunals. Mitchell v. Runkle, 25 Texas Sup., 137; Freem. on Judg., 123.

The statute requires, that the commissioners shall issue ''notices in writing to each of the parties, notifying them of the time and place selected for the hearing.'' Rev. Stats., art. 4186. The manner and time of service is also prescribed, and when the owner is unknown this service may be made by publication. Rev. Stats., arts. 4187, 4189, 4190. ''The person making such service shall return the original notice to said commissioners, or any one of them, on or before the day set for the hearing, with his return in writing thereon, stating how and when the same was served.'' Rev. Stats., art. 4188.

Until these provisions of the statute are complied with the commissioners have no authority to assess damages or to make a report, and the court has no jurisdiction to declare the condemnation. The commissioners are required to make a report, wherein must be stated the amount of damages due to the landowner, and they are required to return with this ''all other papers connected with the case'' (Rev. Stats.,

art. 4197); but the statute does not authorize them to state their conclusions as to the sufficiency of notice given by them to the landowner.

It was further urged, that there was not such description of the land sought to have condemned as was necessary, and that for this reason the petition, report, and decree were invalid. It is certainly necessary that the petition should so describe the land to be taken that the commissioners may know upon what to base their estimate of damages, and that the interested parties may come prepared with evidence to show what will be just compensation for the land to be condemned. It is important that the report of the commissioners should show that their estimate of the damage is based on the taking of the land applied for, and it is equally important that the decree of condemnation should show with reasonable certainty what is condemned to public use. This should appear upon the face of the proceedings, and not be left to ascertainment by parol evidence, except as this may be used to identify objects called for in the application and decree for the purpose of applying them as in other cases. The statute requires the applicant for condemnation of land "to state in writing the real estate and property sought to be condemned," and if this be not so done as to identify the land to be taken the jurisdiction of the tribunal having power to condemn never attaches, it matter not what notices of proceeding may be given.

In the case of Railway v. Manufacturing Company, 1 Court of Appeals Civil Cases, section 396, the Court of Appeals of this State properly held, that in such cases the "designation must be sufficiently certain to identify the particular portion of the land over which the right of way is sought. Without this the owner of the land can not know what portion of his land is required, nor the commissioners what damages to appraise, nor the petitioner the precise land acquired; nor can the decree of the court vest the easement in any particular land. It is the right of the owner of the land to know exactly the precise land taken, and it is the right of the party acquiring to know that which he has acquired. Railway v. Rau, 70 N. Y., 191; Railway v. Sanford, 23 Mich., 418. It is said the certainty required in such description is of the same nature as that required in conveyances of land, so that a surveyor could go upon the land and mark out the land designated. The taking of the land is in the nature of a conveyance from the owner, and he is entitled to know how much land is taken from him and the exact boundaries of what remains. Mills on Em. Dom., sec. 115; Railway v. Railway, 118 Mass., 391." This we understand to be the true rule. Railway v. Munson, 57 Mich., 42; Railway v. Newsom, 54 Ind., 121; Railway v. Porter, 29 Pa. St.; In Re Application of Railway Company, 90 N. Y., 342; Lewiston v. Commissioners, 30 Me., 24; Mills on Em. Dom., 115; Lewis on Em. Dom., 350–352.

The grant from which the land to be condemned was to be taken was identified by the petition and by the decree; but the latter only decided the land condemned as a right of way through the grant thus generally described. The petition alleged that a line had been located, but referred to no object and gave no description whereby that line might be ascertained by any person, however familiar with the land. It simply stated, that the line "enters said tract of land on its eastern boundary and running in a northwesterly direction passes out of said tract of land on the western boundary line of the same, and embraces a width of fifty feet on each side of the center line of said railway as located." At what point on the eastern boundary of the land the line entered, and at what point in the western boundary it left the tract of land, the petition gave no information whatever. The railway was not constructed, nor does it appear from any part of the record introduced in evidence that the line of the road, if located, was in any manner described or identified; and holding as we do that this must appear on the face of the record of proceedings to condemn land to public use, the decree must be held to be inoperative.

The parol testimony introduced ought not to have been received, for the defective proceedings could not be cured by such evidence.

If the condemnation proceedings had been regular and the decree sufficient to vest in the railway company the right of way, still, under the evidence, plaintiff was entitled to have the question of innocent purchaser considered by the jury. The decree of condemnation was not recorded in the county in which the land was situated, and before the railway was constructed or notice of the condemnation proceedings given to plaintiff he bought and paid valuable consideration for the land, or at least the evidence tends to show that this was true.

We see no reason why the registration laws should not apply to such an estate as the railway company would have acquired had the proceedings to condemn the property been regular. Rev. Stats., arts. 4332, 4339; Bush v. Golden, 17 Conn., 594; Prescott v. Beyer, 34 Minn., 493; Worley v. The State, 7 Lea, 382; Masterson v. Railway, 5 Mo. App., 64.

The court should have excluded the petition, report, and decree in the condemnation proceedings, as well as the parol evidence offered and objected to, and should have given a charge on the question of bona fide purchase; and for its rulings in these respects, as well as the ruling in the general charge, its judgment will be reversed and the cause remanded. It is so ordered.

*Reversed and remanded.*

Delivered April 15, 1892.