## W. W. DUSON v. DAVE DODD.

### Decided April 18, 1907.

**Irrigation Contract Construed—Issue—Charge.**

By the terms of a contract between a landlord and his tenant it was stipulated that the landlord would furnish the necessary water for irrigating a rice crop of 150 acres, or so much water as could be obtained from the irrigating well then on the premises. In a suit by the tenant against the landlord for his failure to furnish sufficient water to irrigate the entire crop of 150 acres, held, that the only issue in the case was whether or not the well furnished sufficient water to irrigate the entire crop; if it did, the landlord's obligation to furnish it was an absolute one, not one of ordinary diligence, and he would be liable to the tenant for any loss sustained by reason of his failure to furnish the necessary water. The court therefore erred in submitting to the jury the issue of whether or not the landlord was unconditionally bound to furnish sufficient water.

Appeal from the County Court of Wharton County. Tried below before the Hon. G. S. Gordon.

*G. G. Kelley,* for appellant.

*Brooks & Cline* and *W. L. Hall,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover damages for the alleged failure of appellant to comply with a contract by which he agreed to furnish sufficient water for the proper irrigation of a crop of rice planted by appellee upon 150 acres of land rented by him from appellant.

The defendant answered by general demurrer and general denial, and by special plea in which it is averred, in substance, that it was not true, as stated in plaintiff's petition, that it was agreed between plaintiff and defendant that defendant should furnish sufficient water to properly irrigate the land so rented to plaintiff; but that it was distinctly understood and agreed between said parties, before and at the time said contract was entered into, that the well situated on said premises would not furnish water more than sufficient to irrigate 100 acres of land, and that this fact was discussed between plaintiff and defendant, and it was agreed that said parties should, nevertheless, take the risk of having 150 acres planted in rice, and that same should be watered so far as possible by water from said well, and that they should trust to the rainfall to assist in irrigating the remaining 50 acres; that it was well known to plaintiff when he entered into said contract that said well could not be relied upon to furnish water for the entire 150 acres; that defendant, in accordance with his contract, did furnish water sufficient for the irrigating of 100 acres of land which lay nearest to the well, but the capacity of said well was not sufficient to irrigate the remaining 50 acres; that defendant used all possible diligence to furnish the necessary water, and went so far as to furnish a new engine, at an expense to him of $500, but he was advised by the manager who was operating said plant that it was absolutely useless to pump water

on said 50 acres of land, because of the fact that the rice had headed out, and therefore to water it would be useless, and would accomplish no benefit to said rice. Defendant further alleged that he was interested in making as large rice crop as possible on said land, and that he did everything in his power, and everything that was required under his contract with plaintiff, to assist in making said crop, and that he was in nowise liable for the loss of said 50 acres.

The plaintiff by supplemental petition denied specially all of the averments of defendant's plea, and alleged that the well from which said land was watered supplied ample water for the irrigation of his crop, and that the failure of appellant to furnish sufficient water for that purpose was due to his negligence in not providing proper machinery and not employing competent labor to pump the water from said well.

The trial in the court below by a jury resulted in verdict and judgment in favor of plaintiff in the sum of $500.

The evidence shows that appellee rented appellant's farm in Wharton county for the year 1905, agreeing to properly cultivate it and to pay as rent therefor one-half of the crop raised thereon during said year. The contract stipulates that a portion of the farm was to be planted in rice and appellant agreed, as stated in the language of the contract, "to furnish the necessary seed rice and water for irrigating the rice crop, or so much water as can be furnished by the irrigating well now on the place." Under this contract appellee planted 150 acres of the farm in rice, 100 acres of this rice was properly irrigated and produced a good crop. The crop upon the remaining 50 acres was a total failure because it was not furnished with sufficient water.

There is testimony to the effect that the well from which the farm was irrigated did not supply sufficient water to irrigate more than the 100 acres, and there was also testimony tending to show that the failure to irrigate the 50 acres was due to the fact that appellant did not have suitable machinery to properly operate the pump, and that the agents of appellant, whose duty it was to operate said machinery, did not use proper diligence in the performance of their duties.

Upon this state of the evidence the trial court gave the jury the following charge: "The only issue in this case is as to whether or not the defendant agreed to furnish water sufficient to water 150 acres of rice, or whether or not he agreed to furnish and did furnish the full capacity of the well."

Appellant complains of this charge on the ground that it submits to the jury an issue not raised by the evidence.

Under the terms of the written contract before set out appellant's agreement to furnish sufficient water to irrigate appellee's crop was conditioned upon the capacity of the well from which the water was supplied. No other construction can be placed upon the contract. Unless the clause, "or as much water as can be furnished by the irrigating well now on the place" was intended to limit the agreement to furnish sufficient water to irrigate the crop, it has no place in the contract, and it can not be presumed that it was put there for no purpose. The appellee does not seek to avoid the contract on the ground of fraud, accident or mistake, and appellant's liability must be measured by its

terms.   Such being our construction of the contract it follows that the issue of whether appellant was unconditionally bound to furnish sufficient water to water appellee's crop was not in the case and should not have been submitted to the jury.

The only issue in the case upon the question of appellant's liability was whether the well supplied sufficient water to irrigate the crop.   If it did, appellant would be liable under his contract for any damage appellee may have sustained by the loss of his crop for want of sufficient water.   Appellant could not relieve himself of this liability by showing that he used ordinary care and diligence to comply with his contract obligation.   His contract to furnish the necessary water, provided the well would supply it, was an absolute undertaking on the part of appellant, and his liability for failure to comply therewith in no way depends upon the question of whether he was negligent in the performance of his contract obligations.   The trial court did not err in refusing to submit the issue of negligence to the jury.

What has been said disposes of the material questions presented by appellant's brief, and none of the remaining assignments require consideration.

For the error before indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*