## TEXAS MIDLAND R. CO. v. BURT.
### (No. 2591.)

(Court of Civil Appeals of Texas. Texarkana. June 16, 1922. Rehearing Denied July 1, 1922.)

1. **Eminent domain 195—Owner could show injury to entire farm, though only part described in petition.**

Under Rev. St. art. 6520, providing that where only a portion of real estate is condemned the commissioners should estimate injuries as to the remaining portion and assess damages, and in view of article 6506, providing that if the company and owner cannot agree it should be the duty of the company to state in writing the property to be condemned, the purpose for which used, the name of the owner, etc., the condemning corporation was not required to describe land, except that which it desired to take, and, though petition described land as a farm consisting of 204.86 acres, it was not error for the owner to prove that the farm consisted of 255 acres.

2. **Trial 296(2)—Vice in instruction as to damages to land with reference to crops and improvement cured by other instruction.**

Where at the time land was condemned the owner was entitled to recover, not only the market value of the land taken, but also the value of unmatured crops, any vice in an instruction that the cash market value of the land taken was not its value when considered by itself alone, but when considered as part of the tract, and that improvements and growing crops are in law considered as part of the land itself, and that in arriving at the value of the land this fact should be taken into consideration, was cured by an instruction that the jury exclude from such value whatever they believed from the evidence defendant's land had been added to in value by the houses, barns, etc., and other similar improvements, and only consider its value in connection with its being part of the tract.

3. **Eminent domain 110, 111—Owner may show danger from fire and of injury to stock at private crossings on railway.**

In a proceeding to condemn part of a farm for a railroad right of way, admitting testimony as to possible injuries to stock at crossings on the railway line through the farm and possible fires from passing locomotives, not due to negligence on the part of the railway company, was not error.

4. **Evidence 20(2) — Common knowledge that stock may be killed at private crossings on railway through farm.**

That stock may be unavoidably killed at private crossings of a railway company on a farm and fires unavoidably set by passing locomotives for which a railway company could not be held responsible is a matter of common knowledge.

5. **Trial 243—Instruction as to meaning of "cash market value" of land not in conflict with another instruction.**

In a condemnation proceeding, an instruction that the words "cash market value" do not mean the amount merely that could be secured for property at forced sale, but they mean the amount that such property would bring at the market, with fair and reasonable time and opportunity for offering it for sale, was not in conflict with an instruction that in determining the cash market value to determine same under conditions existing at the time land was condemned, and not to take into consideration any condition theretofore existing in reference to the market value of the land, or "conditions that you may conclude from the evidence may hereafter exist," as the jury could construe the language referring to reasonable time and opportunity for offering the land for sale as meaning a reasonable time within which to procure a purchaser at the existing market value.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cash Market Value.]

---

Appeal from Hunt County Court; Olin P. McWhirter, Judge.

Condemnation proceedings to secure a right of way by the Texas Midland Railroad Company against W. A. Burt. From judgment for damages for defendant, plaintiff appeals. Affirmed.

Terry & Brown, of Terrell, McMahon & Dohoney, of Greenville, and Cocke & Cocke, of Dallas, for appellant.

Clark & Sweeton, of Greenville, for appellee.

HODGES, J. This appeal is from a judgment against appellant for damages in a condemnation proceeding to secure a right of way over the land of the appellee. In the original hearing the commissioners awarded as damages the sum of $7,995.60. Appellant prosecuted an appeal to the county court. The petition for condemnation described the land owned by the appellee as a farm consisting of 204.86 acres. It seeks to condemn for a right of way a strip across the farm 100 feet wide, covering an area of 10.24 acres. In his answer the appellee pleaded that his farm included more than 250 acres in one body. He claimed that the proposed railway line would impair the value of the land not taken to the extent of more than $30 per acre.

The case was submitted on special issues. The jury found that the cash market value of the land actually taken was $235 per acre; that the remainder of the land owned by the appellee would be damaged at the rate of $25 per acre as a result of the construction of the proposed railway. Upon those findings the court entered a judgment in favor of the appellee for $8,734.

[1] The appellee was permitted to prove that his farm, which he occupied as a homestead, consisted of 255 acres, or 50 acres more than was included in the petition of condemnation. Appellant objected to that proof upon the ground that in ascertaining the damages which the appellee might claim to land other than that actually condemned, the court could not consider any portion of the farm not described in the petition of condemnation. The objection was we think correctly overruled. Article 6506 of the Revised Civil Statutes provides that if the company and the owner cannot agree upon the damages, it shall be the duty of the company to state in writing the real estate and property to be condemned, the purpose for which the same is to be used, the name of the owner and his residence, etc. It thus appears that the condemning corporation is not required by the statute to describe any land except that which it desires to take for right of way purposes. It cannot by a voluntary description of land not to be condemned restrict the right of the owner to damages for injuries to his other land. Kirby v. Railway Co., 39 Tex. Civ. App. 252, 88

S. W. 281; Parker v. Railway Co., 84 Tex. 333, 19 S. W. 518. Article 6520 of the Revised Civil Statutes provides that—

"When only a portion of a person's real estate is condemned, the commissioners shall estimate the injuries sustained and the benefits received thereby by the owner as to the remaining portion of such real estate, * * * and shall assess the damages accordingly."

In this instance the appellee had a right to recover for all injuries which resulted to his entire farm from the construction of the railway line across his land.

[2] The court gave the following instruction upon the measure of damages:

"The cash market value of the strip of land taken by the railroad is not its value when considered by itself alone, but its value when considered as a part of the tract or tracts of land of which it forms a part. Improvements and growing crops upon land are in law considered as a part of the land itself, and not separately. Therefore in arriving at the value of the land taken by the railroad you shall take this fact into consideration."

At the instance of the appellant this additional instruction was given:

"You are instructed that in considering the cash market value of the strip of land taken by the railroad, you will exclude from such value whatever you may believe from the evidence defendant's land has been added to in value by the houses, barns, and outhouses and other similar improvements, and only consider its value in connection with its being a part of the tract or tracts of land belonging to defendant without such improvements."

The main charge was objected to upon several grounds, among them being that it permitted the jury to consider the value of the improvements on land not taken in estimating the value of that taken, and that it was upon the weight of the evidence in directing special attention to the crops growing upon the 10.24 acres. The record shows that the land was taken some time during the month of June, and at that time when a little more than one-half was covered by a growing crop of cotton and corn. Some of the witnesses testified that the crops growing upon the land condemned were worth from $20 to $25 per acre; others estimated the value of the land and the crops together, without considering either separately. The record also shows that some fencing was on the strip condemned. The evidence was undisputed that the strip condemned included the best land on the appellee's farm. Whatever vice there may have been in the main charge quoted was corrected without creating any conflict by the special charge given at the instance of the appellant. Unquestionably, the appellee was entitled to recover, not only the market value of that portion of his land taken as a right of way, but also the value of the unmatured crops growing thereon, and which were lost. Anything less than

that would not have been adequate compensation. The reference to the value of the crops was not on the weight of the evidence.

[3, 4] Neither was there any error in admitting testimony as to the possible injuries to stock at crossings on the railway line through the farm, and possible fires from passing locomotives not due to negligence on the part of the railway company or its agent. That stock may be unavoidably killed at such private crossings, and fires unavoidably set out by passing locomotives, for which the railway could not be held responsible, is a matter of common knowledge. Reimbursement for losses resulting from such hazards is refused in special suits for damages upon the ground that compensation therefor is presumed to have been made when the land was taken as a right of way for railway purposes. That such hazards may be considered in awarding compensation for property thus condemned is supported by the weight of authority. Gulf, etc., Ry. Co. v. Eddins, 60 Tex. 656; G., H. & W. Ry. Co. v. Waples, 3 Willson, Civ. Cas. Ct. App. § 411; 20 C. J. pp. 792, 793, and cases cited in the notes; 2 Elliott on Railways, § 996. Nor is it correct to say that such hazards are, in this instance, those common to the community at large. Here the railway line runs through the farm of the appellee, dividing it into two tracts. The company has the right to fence its right of way, leaving private crossings for the use of the appellee in conducting his farming operations and for the passage of his stock from one part of the premises to another. His meadows, pastures, and cotton fields adjoin the right of way, and when covered with inflammable material are subject to injury from fires that may be caused by passing locomotives properly equipped and prudently operated. Those hazards are peculiar to him, and it cannot be said that they are shared by his neighbors.

[5] Upon the measure of damages the court gave the following as a part of his main charge:

"The words 'cash market value' do not mean the amount merely that could be procured for property at forced sale. They mean the amount of money that such property would bring in the market, with fair and reasonable time and opportunity for offering it for sale."

At the instance of the appellant the court gave the following special charge:

"You are instructed that in determining the cash market value of the land you will determine same under the conditions as they existed at the time the land was condemned, and you will not take into consideration any condition that may have theretofore existed in reference to the market value of the land, or any conditions that you may conclude from the evidence may hereafter exist as to the market value of this land."

The contention on this appeal is that the main charge is erroneous because it permitted the jury to disregard the market value of the land at the time it was taken, and to speculate on the probable advance of price in the future. It is conceded, however, that the effect of the special charge is to confine the jury within the proper legal limits. But it is insisted that the two charges are in conflict, and tended to confuse the jury upon that issue. In the light of the special charge the jury could easily construe the language referring to reasonable time and opportunity for offering the land for sale as meaning a reasonable time within which to procure a purchaser at the existing market value. The assignment is overruled.

We are not prepared to say that the damages allowed in this instance were excessive. If the estimate given by the witnesses is correct, the jury did not exceed the limits to which they might have gone.

The judgment is affirmed.