### MALONE et al. v. CITY OF MADISON-VILLE. (No. 868.)

Court of Civil Appeals of Texas. Waco. Dec. 19, 1929.

Rehearing Denied Jan. 30, 1930.

M. L. Bennett, of Normangee, and A. H. Menefee, of Madisonville, for appellants.

J. M. Brownlee and Joe E. Webb, both of Madisonville, for appellee.

STANFORD, J. This suit was filed by appellee, a municipal corporation, against appellants, for the condemnation of certain lands, situated within the corporate limits of said city, for street and state highway purposes. After certain initial steps had been taken by appellee, it instituted suit in the county court of Madison county to condemn said property for the purposes aforesaid. In response to special issues submitted to them, the jury found:

(1) The city of Madisonville did fail to agree with the owners of the land, W. R. and Miss Loula Malone, on the amount of damages for the land sought to be condemned.

(2) The actual value of the land of the owners W. R. and Miss Loula Malone, condemned and taken as of date October 18, 1928, was $400.

(3) The owners of said land, W. R. and Miss Loula Malone, were not damaged because of the condemnation, to the remaining portion of said land of which that condemned is a part.

On these findings and such findings as the court was authorized by the pleadings and evidence to make, the court entered its judgment of condemnation, awarding appellants

$400 for the land condemned. From this judgment appellants have duly appealed.

■ Under their first proposition, appellants contend, in effect, that the trial court erred in refusing to instruct a verdict for appellants, upon the ground there was no evidence that appellee had made any effort to agree with appellants on the value of the land condemned before instituting this suit. It is true, as contended by appellants, that, in order to show jurisdiction in the county court to condemn land for public use, it must be alleged that, before the filing of the statement in writing with the county judge of the county in which the land is situated, the party desiring to condemn had failed to agree with the owner of the land on the amount of damages, and on hearing in the county court said allegations must be sustained by evidence. Article 3264, Revised Statutes; Porter v. City of Abilene (Tex. Sup.) 16 S. W. 107; Coleman v. Archer County (Tex. Civ. App.) 16 S.W.(2d) 942; Parker v. Fort Worth & D. C. Ry. Co., 84 Tex. 333, 19 S. W. 518.

The record in this case shows that the city council of the city of Madisonville, on September 3, 1928, passed an order or ordinance appointing J. M. Brownlee and Joe E. Webb as attorneys for said city, and authorized said attorneys to take such steps as might be necessary to procure right of way for street and for state highway No. 32 being federal highway No. 72, on and along Price street in said city. The said Joe E. Webb, one of the attorneys so employed, was also one of the city aldermen. The record shows further: That Joe E. Webb, one of said attorneys employed, and also a city alderman, instructed S. S. Strayhan, a civil engineer and working as assistant to state highway engineer, to endeavor to procure, by agreement with W. R. and Loula Malone, the strip of land involved. The said Strayhan did take the matter up with W. R. Malone, and the said Malone proposed, if the city would buy for him another certain strip of land and grade up same and move his residence, etc., he would give the city the strip desired. The said Strayhan then tried to buy the strip requested by Malone, but could get only a part of it, and that Mr. Malone refused to accept said part. That W. R. Malone had made an alternative proposition that, if the city would buy him another certain piece of property, he would accept it in exchange for the strip desired, and that he (Strayhan) reported both propositions to the city council, and it would not agree to either. So the final outcome was a failure to make any settlement or agreement with Mr. Malone on the question of damages.

But appellants contend further that, if appellee did make an effort to agree with appellant W. R. Malone on the value of the land to be condemned, there was no such effort to agree with appellant Miss Loula Malone, and so the court should have directed a verdict in favor of both appellants. In its statement filed with the county judge, appellee alleged: "Your petitioner cannot and has failed to agree with said defendants upon the value of such land or damages." The record shows that W. R. Malone and Miss Loula Malone are brother and sister; that they owned jointly, in equal interests, the property a part of which was condemned; that they lived together on said property; that W. R. Malone usually represented his sister in their joint business matters. In appellee's efforts to agree with W. R. Malone on the amount of damages, he (W. R. Malone) did represent the entire interest in the land condemned.

W. R. Malone testified: "I told her (his sister) I would file her claim for her with the special commissioners, and I did so."

Miss Loula Malone testified: "Yes, I was cited by the special commissioners of condemnation and notified of the time and place of hearing, but did not appear because my brother W. R. Malone told me that he would put in a damage claim and I agreed to it."

■ While we have not attempted to state all the evidence tending to show that appellee did make an effort to agree with appellants on the damage that would result to them by reason of the condemnation of the land in question, we think the above is sufficient to make the issue one of fact for the jury as to whether or not the city of Madisonville made an effort to agree with appellants on the value of the strip of land condemned, and such effort failed, before the written statement was filed with the county judge; and we think the evidence is ample also to show that appellee attempted to arrive at said agreement as to the amount of damage before the written statement was filed with the county judge, with W. R. Malone, acting for himself and as agent for appellant Miss Loula Malone, with her approval, and that they wholly failed to arrive at any agreement thereon. This being true (that is, the evidence being sufficient to make it a question of fact as to whether or not there was an attempt to reach such agreement with both appellants), said question was one for the jury, and the court was correct in refusing to give appellants' peremptory instruction.

■ Under their second proposition, appellants contend that the court erred in refusing to instruct for them, because the award made by the commissioners was not by said commissioners apportioned between appellants. The record shows appellants were both adults; that the proper notice to appear before the commissioners appointed to assess the damage was served upon both appellants; that both did so appear; that, at the request of appellant Miss Loula Malone, her brother, W. R. Malone, presented to said commission-

ers a joint claim for damages for the land to be condemned. Appellants, having presented and requested the allowance of a joint claim, cannot be heard to complain of the claim allowed them on the ground it was a joint one. The facts of this case distinguish it from the case of City of Paris v. Tucker, 101 Tex. 99, 104 S. W. 1046, and City of Mexia v. Montgomery (Tex. Civ. App.) 7 S.W.(2d) 594. There was no controversy by pleading or evidence as to the respective interest of each appellant in the land condemned. If there had been a controversy in the county court between appellants as to their respective interest in the land, this controversy could not have been adjudicated by said court. Neither would it have been necessary to suspend the condemnation proceedings until a court of competent jurisdiction had adjudicated the respective interests of the owners in the land, but we think the proper course to pursue would have been to proceed with the condemnation, and the owners litigate their respective interests in the award placed in the registry of the court. Rabb v. La Feria, etc., Co., 62 Tex. Civ. App. 24, 130 S. W. 916 (error refused). This contention is overruled.

■ Under their third proposition, appellants contend the trial court erred in refusing to submit their first requested special issue in lieu of the first special issue prepared and given by the court. Special issue No. 1, requested by appellants, is as follows: "State whether or not there was an effort made on the part of the plaintiff and each of the defendants to arrive at the value of the land sought to be taken, before the institution of condemnation proceedings, and they could not agree."

We think this proposition should be overruled, in that, if the court's special issue No. 1 is objectionable, appellants' requested issue is more objectionable. Article 3264, Revised Civil Statutes, provides: "When real estate is desired for public use * * * the party desiring to condemn the property after having *failed to agree with the owner of the land on the amount of damages* shall file a statement in writing with the county judge" —and this statute provides further: "And that the plaintiff and the owner have been unable to agree upon the value of the land or the damages."

Special issue No. 1, submitted by the court, is: "Did the City of Madisonville fail to agree with the owners, W. R. Malone and Miss Loula Malone, on the amount of damages for the land sought to be condemned?"

It will be observed this special issue follows the exact language of the first part of the statute; that is, that the city of Madisonville, the party desiring to condemn the land, failed to agree with the owners, etc. From the fact the city failed to agree, the implica-tion clearly and necessarily arises said city "was unable to agree."

Special issue No. 1, requested by appellants, was: "State whether or not there was an effort made on the part of plaintiff and each of the defendants to arrive at the value of the land sought to be taken before the institution of condemnation proceedings, and they could not agree."

If the law required that both the landowner and the party desiring to condemn should make an effort to agree on the amount of damages, before such condemnation proceedings could be instituted, then all the landowner would have to do to avoid condemnation would be to refuse to make any effort to agree with the party desiring to condemn on the damages. This special issue would have required much more than the statute requires, and, as applied to this case, would have been in effect an instruction for appellants. The trial court was correct in refusing to give appellants' special issue No. 1, in lieu of his special issue No. 1.

We have examined all of appellants' assignments, and overrule all of them.

The judgment of the trial court is affirmed.