**UNION FRATERNAL LATINO AMERI-CANA, Appellant,**

v.

**CITY OF SAN ANTONIO, Appellee.**

No. 13346.

Court of Civil Appeals of Texas.

San Antonio.

June 11, 1958.

Rehearing Denied July 9, 1958.

Ridgeway & Salyer, San Antonio, for appellant.

Carlos C. Cadena, Mayo J. Galindo, San Antonio, for appellee.

BARROW, Justice.

This suit was brought by appellee, City of San Antonio, against appellant, Union Fraternal Latino Americana, and other defendants, to condemn Lot 3, Block 7, New City Block 2612, situated on McLeary Street, in the southern part of the City of San Antonio, for right-of-way for the southern portion of the expressway.

The Judge of the County Court at Law No. One, appointed commissioners, and hearing before the commissioners was set for April 17, 1956. Notice by publication was served on all defendants, including appellant.

The hearing before the commissioners was had on April 17, 1956, at which hearing appellant appeared and was represented by counsel. The other defendants made no appearance, and were represented by attorneys appointed by the court. The damages were assessed at $15,000, and the commissioners signed the report and delivered it to Hon. C. J. Matthews, Assistant City Attorney, to be filed with the Judge of the Court.

On May 2, 1956, Hon. C. J. Matthews filed said report and deposited the sum of $15,000 on behalf of the City, and at the same time filed the City's objection to the award. Thereafter, on May 18, 1956, appellant filed its application with the Judge to withdraw the $15,000 deposited by the City, and also filed a motion that the commissioners' award be entered as the judgment of the court. The court permitted appellant to withdraw the sum of $13,500.

The case was tried to a jury in County Court at Law No. One, which assessed the damages at $10,200. The County Court held that title was vested alone in appellant, divested all other defendants of any title, and awarded the entire amount to appellant. At the same time the court gave judgment to the City for the sum of $3,300, the amount appellant had withdrawn in excess of the amount of damages awarded, and taxed all costs against the City. The appellant assails the judgment upon two main points.

By its first point appellant contends that the affidavit for citation by publication is insufficient to authorize such citation, that, therefore, the court did not have jurisdiction, and that the judgment is fundamentally erroneous. It is conceded by appellee that the affidavit is faulty.

The law is settled in Texas that in a proceeding to condemn land for a public use proper notice to the owner of land sought to be condemned is necessary to jurisdiction. Parker v. Ft. Worth & D. C. Ry. Co., 84 Tex. 333, 19 S.W. 518, 519; Parks v. City of Waco, Tex.Civ.App., 274 S.W. 1006. However, it appears that appellant appeared before the commissioners at the time set and was represented by its counsel at the hearing. Appellant also appeared at the trial of the case in the County Court at Law and contested the City's appeal. It appears that the County Court at Law adjudged appellant to be sole owner of the land sought to be condemned and awarded appellant all of the damages found by the jury.

Whether or not jurisdiction was acquired over the other defendants is a matter of which they, alone, can complain. Such error does not under the circumstances injuriously affect the rights of appellant. The City of San Antonio is satisfied with its judgment. The proper service of notice on such other defendants was not a necessary prerequisite to confer jurisdiction on the court to hear and determine the rights of appellant, who effectively waived such notice by appearing and by submitting its case to the court. Isaac v. City of Houston, Tex.Civ.App., 60 S.W.2d 543.

In Texas Jurisprudence, p. 1026, § 728, it is said:

"An appellant or plaintiff in error may not complain of errors which do not injuriously affect him, or which merely affect the rights of others."

By its second point appellant contends that the court erred in overruling its motion to disregard the verdict of the jury and enter the award of the commissioners as the judgment of the court, because appellee filed its objections to the commissioners' award too late to comply with the statute.

The record shows that after the hearing before the commissioners on April 17, 1956, the award was made, signed and turned over to the City's attorney to be filed with the Judge of the County Court at Law No. 1. That the attorney did not file the award until May 2, 1956, more than ten days after the making and signing of the award, and the time at which the report should have been filed. The City's answer to appellant's contention is that the delay was necessary in order to secure from the City Council the issuance of the voucher for the amount of the award, for filing with the judge.

Article 3265, § 5, Vernon's Ann.Civ.Stats. provides: ·

"When the commissioners have assessed the damages, they shall reduce their decision to writing, stating therein the amount of damages due the owner, if any be found to be due, and shall date and sign such decision and file it together with all other papers connected with the case promptly with the county judge."

Article 3266, § 6, provides:

"If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

We need not concern ourselves greatly over the application of the word "promptly" as used in Article 3265, § 5. If the report of the commissioners had been filed within four days after the award was made, and the City's objections filed within ten days thereafter, the City's objections would have been timely. Inasmuch as the City's attorney filed the report and the objections at the same time, the delay, under the circumstances, was not unreasonable. The Legislature not having prescribed the time within which the report should be filed, the question of the promptness of the filing became a question of fact for the trial court. Moreover, the report of the commissioners having actually been filed with the Judge of the County Court at Law on May 2, 1956, the jurisdiction of that court was then invoked for the first time and never existed prior to that date. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Sinclair v. City of Dallas, Tex.Cix.App., 44 S.W.2d 465; Fitzgerald v. City of Dallas, Tex.Civ.App., 34 S.W.2d 682. Certainly filing the objections on the same date as the filing of the report was timely. We do not find it necessary to make any comment on appellant's remedy; if an unreasonable delay in filing the award had ·occurred.

The judgment of the, trial court is affirmed.