Willene COMPTON, Appellant,

v.

**TEXAS SOUTHEASTERN GAS COMPANY, Appellee.**

No. 13272.

Court of Civil Appeals of Texas. Houston.

July 10, 1958.

Rehearing Denied Aug. 7, 1958.

Fred W. Moore, Houston, for appellant.

Miller & Allen, J. K. Allen, Columbus, for appellee.

WOODRUFF, Justice.

Appellant, Willene Compton, on December 26, 1957, sued appellee, Texas Southeastern Gas Company, in the District

Court of Waller County, Texas, for damages, alleging a trespass upon her land described only as a 53.5 acre tract. Such trespass, she alleged, was occasioned by the laying of a pipeline thereon without having acquired an easement. In addition to damages, she sought injunctive relief. On the same day she obtained a temporary restraining order prohibiting appellee's employees from coming upon the land, and her application for a temporary injunction was set for a day subsequent.

Responding thereto, appellee filed its motion to dissolve the restraining order, alleging that the District Court was without jurisdiction to grant such relief because of the prior pendency of a condemnation suit instituted in the County Court of Waller County in Cause No. 1494, styled "Texas Southeastern Gas Company v. Willene Compton", filed by appellee to acquire a right-of-way across certain lands of appellant, including the 53.5 acre tract, and alleging that a hearing was held before the special commissioners appointed to assess damages on December 20, 1957. It was further alleged that the Commissioners had made their award and appellant had filed her exceptions thereto and had appealed to the County Court of Waller County. Subject to its motion to dissolve, appellee answered and pled as an affirmative defense the prior condemnation proceedings and denied any unlawful entry upon the appellant's land.

The motion to dissolve and appellant's application for a temporary injunction came on for hearing before the District Court on January 14, 1958, and at the conclusion thereof judgment was rendered dissolving the temporary restraining order and denying appellant a temporary injunction because of the prior pendency of the condemnation proceedings in the County Court. From the action of the Court in refusing to grant the temporary injunction, appellant has perfected this appeal.

Appellant relies on six Points of Error for a reversal. In the first three Points she contends that the land described in the condemnation proceedings was specifically limited to two tracts of land and did not include any part of the 53.5 acre tract and, therefore, the County Court never acquired jurisdiction over any part thereof. In the remaining points she contends that her suit is for damages done to her timber and crops occasioned by appellee's continued unlawful entry and trespass upon her lands, including the 53.5 acre tract, without having filed suit to condemn.

By three Counter-Points, appellee asserts that there was no error in the trial court's action in dissolving the temporary restraining order because the County Court of Waller County had acquired jurisdiction of the land in the condemnation proceedings before the filing of this cause in the District Court.

In support of its motion to dissolve appellee, upon the hearing in the District Court, offered in evidence its first amended original petition filed December 10, 1957, in the condemnation suit styled "Texas Southeastern Gas Company v. Willene Compton" originally instituted on October 10, 1957, wherein the property sought to be condemned as the right-of-way was described as follows:

"As a necessary incident to the building of said pipe line and appurtenances, * * * plaintiff will have to acquire an easement, * * *, for the purposes hereinafter specified, over, across and upon the following described tract of land, situated in Waller County, Texas, to-wit:

"All that certain tract or parcel of land lying and being situated in Waller County, Texas, being part of the Justo Liendo 5 Leagues Grant, being part of the 66.5 acres tract conveyed by E. D. Sorsby to Willene Compton by deed recorded in Volume 105, Page 166, Waller County Deed Records and being part of the 652 acres tract conveyed by Laura B. Harris to Willene Compton by deed recorded in Volume 90,

Page 583 Waller County Deed Records.

"The right of way and easement sought to be condemned herein being fifty (50) feet in width throughout and extending on, over, under and across the above described property, the center line of said easement and right of way being more fully described as follows:

"Beginning at a point in the Northwest line of the 66.5 acres tract conveyed by E. D. Sorsby to Willene Compton, said point being the center line of a 50 foot right-of-way at Station 138+09 and being N 54 E 545 feet from the West corner of said 66.5 acres tract and being West 1688.2 varas and North 1124.3 varas from the Northeast corner of the Chas. Donoho League. Thence N 54 E 33.0 feet to corner in N.W. line of 66.5 acre tract. Thence S 74 E 2462 feet to a point N 16 E 25 feet from center line Station 113+25 which is on the East bank of a creek. Thence S 72 deg. 20 min. E 1764.0 feet to a point N 17 deg. 40 min E from Station 95+61. Thence S 63° 50′ E 2371 feet to a point 25 feet N 27 deg. 10 min. E from Station 71+90. Thence S 80 deg. 45 min. E 976.2 feet to corner in the East line of the 652 acre tract. Thence South at 26 feet pass center line Station 62+06, which is North 1298.5 feet from the most Eastern Southeast corner of the 652 acre tract, at 52.0 feet corner in the East line of said 652 acre tract. Thence N 80 deg. 45 min. W 991.8 feet to a point S 9 deg. 15 min. W from Station 71+90. Thence N 63 deg. 50 min. W 2371 feet to a point S 27 deg. 10 min. W from center line Station 95+61. Thence N 72 deg. 20 min. W 1764 feet to a point S 17 deg. 10 min. W 25 feet from center line Station 113+25, which is on the East bank of a creek. Thence N 74 W 2506 feet to corner in the Northwest line of the 66.5 acres tract. Thence N 54 E 33.0 feet to the place of beginning, containing 8.72 acres of land."

Appellant offered in evidence her answer and cross-action in the condemnation proceedings, wherein she specially excepted to the sufficiency of the description of the property and sought actual and exemplary damages for the trespass in excess of $10,500.

As a part of its proof appellee offered the County Judge's order dated December 10, 1957, appointing special commissioners in the condemnation suit, their award dated December 20, 1957, and appellant's objections thereto filed in the County Court dated December 28, 1957, together with the two deeds, one being from E. D. Sorsby et ux. to Willene Compton conveying a 66.5 acre tract and the other from Laura B. Harris to Willene Compton conveying a 652 acre tract, both in the Justo Liendo 5 Leagues Grant. Appellant also tendered these deeds together with a deed from Laura B. Harris to Willene Compton conveying a 53.5 acre tract in the Justo Liendo 5 Leagues Grant once owned by Sybil Glenn Bock. She then offered a map showing the three tracts described in these deeds, which had been prepared at her request by C. H. Urban, the County Surveyor of Waller County. It showed the large tract of 652 acres on the east extending much farther north and south than the other two tracts. Most of its lines were shown to run due north, south, east or west. Adjacent to the southwest part of the 652 acre Harris Tract lies the 53.5 acre tract hereinafter referred to as the "Bock" tract. It is a rectangle with its longer sides running north 30 degrees West. Its corners, therefore, lie almost at the four cardinal points of the compass. As the result, its east corner notches deeply into the lower west side of the Harris tract a short distance above the latter's south line. The third tract shown on the map owned by appellant is the 66.5 acre tract known as the "Sorsby" tract. It lies parallel with and adjoins the Bock tract's southwest line. As the result, the Bock tract lies between the Harris and Sorsby tracts with its south

corner in a wedge-like position separating the other two tracts. On the map Mr. Urban showed by a double line the 50-foot easement across the Compton property. It consisted of four segments with notations indicating calls by course and distance for each. As platted it crossed not only the Sorsby and Harris tracts but also the south corner of the Bock. The point of entry of the right-of-way into the Compton property was on the northwest line of the Sorsby and its point of exit was on the east boundary of the Harris. An arrow pointed to this terminal with the notation: "50' R. O. W. Gas Line 8.72 Ac." Mr. Urban took the description of the right-of-way which appellee seeks to condemn in the County Court from the condemnation petition, so W. C. Compton, appellant's brother, testified upon the hearing.

In this connection, appellee offered as a witness Mr. Louis Beazley, a licensed engineer, who testified that he had prepared the metes and bounds description which was set forth in appellee's first amended petition by going upon the land and making a survey of the right-of-way.

We now come to a consideration of appellant's contention under her Points 1, 2 and 3 that the trial court erred in refusing to hold that the easement described in the condemnation proceedings did not include any part of the 53.5 acre tract, but was limited to the 66.5 and 652 acre tracts.

The appellant lays great emphasis upon the holding in the case of Adams v. San Angelo Water Works, Tex.Civ.App., 25 S.W. 165, and Parker v. Fort Worth & D. C. Railway Co., 84 Tex. 333, 19 S.W. 518. The first case was an appeal from the judgment of the County Court condemning an easement for the laying of a water main which was described by mere calls for lines to run certain courses and distances with the qualification "or as near said description as practicable." In reversing the case, the Court of Civil Appeals held that a line has no definite dimensions except length and the term "or as near said description as

practicable" was too uncertain. The case was also reversed because there was fundamental error in its not being shown by the record except recitals in their report that the commissioners had given appellant notice of their meeting to assess damages and the filing of objections thereto by the owner, so it was held, did not constitute a waiver.

In the case of Parker v. Fort Worth & D. C. Railway Co., supra, which was a trespass-to-try title action, it was held that the appellee could not defend its right to a strip of land against the suit of the appellant who held the record title, by relying on a judgment in a condemnation suit in which the petition described a 100-foot easement as being 50 feet on each side of the center of a line (railroad) as located and to be constructed as it enters the tract from the east boundary of the section and running in a northwest direction until it passed out of the western boundary, it being shown that the track was never laid. The court also held that the decree was inadmissible in evidence in the absence of proof of notice to the owners of the hearing before the commissioners and such notice could not be presumed by declaration in the report. The judgment of the District Court was, therefore, reversed.

In both of these cases the defective descriptions of the easements were patent and consequently they offer scant guidance in the solution of the problems presented here other than to declare the general rule to be that the certainty required in such descriptions is of the same nature as that required in conveyances of land so that a surveyor can go upon the land and mark it out. In neither case was there any injunctive relief granted, the effect of which would have interfered with any pending condemnation suit.

It is the appellee's contention that there is no defect in the description of the right-of-way sought to be condemned across appellant's property, and that the jurisdiction of the County Court having been invoked

by the filing of a pleading containing a sufficient description thereof the District Court correctly refused appellant's application for a temporary injunction.

■■ Under the authorities as we view them, the County Court's jurisdiction in a condemnation suit attaches immediately upon the filing of a petition containing the allegations requisite to condemn property under the statutes which describes the right-of-way or easement sought to be condemned with the certainty required in describing land in a deed. Ellis v. Houston & T. C. Ry. Co., Tex.Civ.App., 203 S.W. 172, writ ref.; Texas Electric Service Co. v. Perkins, Tex.Com.App., 23 S.W.2d 320; Miers v. Housing Authority of City of Dallas, 153 Tex. 236, 266 S.W.2d 842; 16 Tex.Jur. 664, Eminent Domain, Sec. 324. The rule is well settled in this State that after a County Court has acquired jurisdiction in a condemnation suit, no other court is authorized to interfere with its proceedings. Ellis v. Houston & T. C. Ry. Co., supra; Wilson v. Donna Irrigation Dist., Tex.Civ.App., 8 S.W.2d 187, no writ history; Benat v. Dallas County, Tex.Civ.App., 266 S.W. 539; Gill v. Falls County, Tex.Civ.App., 243 S.W. 277; Missouri, Kansas, Texas R. Co. v. Jones, Tex.Com.App., 24 S.W.2d 366.

The basic question in this case is whether or not there was a sufficient description of the right-of-way to be condemned set forth in the appellee's first amended original petition. Appellant contends that the segment of the right-of-way which is in the Bock 53.5 acre tract was not included in the description.

■ Without question it was proven that the metes and bounds description of the right-of-way as set forth in the amended petition accurately described the right-of-way as it lies upon the ground. It is not necessary that the condemnor describe any land other than that which it seeks to condemn. Art. 3264, Vernon's Ann.Tex. St.; Texas Midland Ry. Co. v. Burt, Tex. Civ.App., 243 S.W. 669. Appellant contends, however, that it was shown that a segment of the right-of-way did not lie within either the Sorsby 66.5 acre tract or the Harris 652 acre tract but it lay in the Bock 53.5 acre tract and, therefore, the County Court has never acquired jurisdiction of that segment of the easement which traversed the Bock tract. It cannot be questioned, however, that the Bock 53.5 acre tract is in the Justo Liendo 5 Leagues Grant and, therefore, was included in the general description clause where the right-of-way was described as being "all that certain tract or parcel of land lying and being situated in Waller County, Texas, being part of the Justo Liendo 5 Leagues Grant, being part of the 66.5 acre tract conveyed by E. D. Sorsby to Willene Compton * * and being a part of the 652 acre tract conveyed by Laura B. Harris to Willene Compton."

Appellant argues that the foregoing general description does not refer to any land in the Justo Liendo 5 Leagues Grant, but only to land in the Sorsby and Harris tracts because reference was given to where the deeds to those latter tracts were recorded in the deed records. We fail to see any force in that argument.

■ Since this description is to be tested by the requisites of a deed, we believe that the same rules of construction are applicable. A deed must be construed by reading all its provisions. They must be made to harmonize and to give effect to all of the provisions wherever possible. Benskin v. Barksdale, Tex.Com.App., 246 S.W. 360. Appellant's contention that the reference "being a part of the Justo Liendo 5 Leagues Grant" should be ignored or struck out in the general description but full descriptive effect should be given to the Sorsby and Harris references would be creating an ambiguity rather than attempting to harmonize the provisions of the deed. The well established rule requires that they be harmonized and all given effect. Ogletree v. Abrams, Tex.Com.App., 67 S.W.2d 227; Spinks v. First Christian Church, Tex.Com. App., 273 S.W. 815. We, therefore, hold

that the right-of-way, including that portion in the 53.5 acre tract, was sufficiently described in appellee's amended petition filed in the County Court and therefore that court acquired exclusive jurisdiction to try and to determine the condemnation suit without any intervention by the District Court. We, therefore, overrule appellant's Points 1, 2 and 3.

By her Points 4, 5 and 6, appellant contends that she is entitled to recover damages done to her land which cannot be recovered in a condemnation proceeding but must be recovered by a separate suit. However, this is an appeal from the order of the District Court refusing to grant her a temporary injunction prohibiting appellee's employees from coming upon the 53.5 acre tract. The proof wholly fails to show that there was any trespassing or depradations being committed upon her property by appellee's agents or employees. Finding no error in this respect, appellant's Points 4, 5 and 6 are likewise overruled.

The judgment of the trial court is affirmed.