Adolph L. SVOBODA et ux, Appellants,

v.

The STATE of Texas et al, Appellees.

No. 1406.

Court of Civil Appeals of Texas, Tyler.

Jan. 8, 1981.

---

Danny M. Womack, Michael M. Barron, Austin, for appellants.

Gary M. Reynolds, Smithville, William C. Hunter, Asst. Atty. Gen., Austin, for appellees.

MOORE, Justice.

This is an appeal by writ of error from a condemnation proceeding wherein the State of Texas and the City of Smithville, condemnors, condemned a .005–acre tract of land owned by Adolph and Elsie Svoboda, condemnees.

Condemnation proceedings were initiated by condemnors in the 21st District Court of Bastrop County after the parties failed to agree upon the amount of damages. In the negotiations condemnors offered condemnees $100 for the .005–acre tract of land. On April 4, 1979, a hearing was held before the Special Commissioners at the conclusion of which condemnees were awarded the sum of $100. Condemnees did not participate in the hearing even though they had received the required notice. A copy of the award of the Special Commissioners was sent to condemnees on April 13, 1979. Neither party objected to the award within the twenty-day period allowed by sections 6 and 7 of art. 3266, Tex.Rev.Civ. Stat.Ann., and as a result, the award of the Special Commissioners became final on April 30, 1979. Inasmuch as the award was equal to the amount offered by condemnors, the costs of the condemnation proceedings were assessed against condemnees in accordance with art. 3267, Tex.Rev.Civ.Stat. Ann. The total costs of the proceedings amounted to $360. After giving condemnees credit for the $100 award, condemnors notified condemnees that they were indebted for court costs in excess of $250.

Faced with the situation of having to pay court costs of $250, condemnees instructed their attorney to request the judge to hold a special hearing on the matter in order to request that condemnees be relieved of their obligation to pay court costs. After a conference between the judge and attorneys representing both parties, the judge changed the award of the commissioners from $100 to $101, which action had the effect of assessing the cost against condemnors. Judgment in the amount of $101 was entered in favor of condemnees on May 7, 1979. Thereafter condemnees duly perfected this appeal by way of a writ of error.

On appeal condemnees attack the judgment on the ground that the judgment is void because (1) the trial judge was without the power to enter a judgment other than that found by the commissioners; (2) the amount was so small that it amounted to a taking without due process; and (3) condemnees were not given notice of the hearing and thus were denied due process of the law. In reply, condemnors made a motion to dismiss the appeal contending that this court is without jurisdiction since neither party objected to the award so as to convert the administrative proceeding to a judicial action.

An appeal or writ of error may be taken to the Court of Civil Appeals from final judgments *in civil cases* of which the district and county courts have or assume jurisdiction. Tex.Rev.Civ.Stat.Ann., art.

2249. An action to condemn land is a special statutory proceeding and never becomes a civil action until one of the parties thereto files objection to the award of the commissioners in accordance with sections 6 and 7 of article 3266, supra. In *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935 (1958), the court explained the situation thusly:

An action to condemn land is a special statutory proceeding, wholly administrative in nature, at least until the commissioners' decision is filed with the county judge. The course which it takes after the filing of their award is governed by Sections 6 and 7 of Art. 3266, Vernon's Ann.Tex.Civ.Stat., which read as follows:

6. If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court.

7. If no objections to the decision are filed within ten (10) days, the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the court and issue the necessary process to enforce the same.[1]

By the express terms of Section 6, the filing of timely objections confers jurisdiction upon the county court to hear and determine the issues in the exercise of its judicial powers. It thus is clear that the proceeding becomes a civil case if objections are filed within the prescribed period, and either party has the right to appeal from a final judgment thereafter entered by the county court. Article 3268, Vernon's Ann.Tex.Civ.Stat., expressly recognizes the right to appeal "from the decision of the county court," but there is no provision authorizing an appeal from a judgment entered on the award. In the present case neither party complied with the provisions of Section 6

of Art. 3266, and we must decide whether the proceeding, originally administrative in character, may be converted into a judicial action in any other manner.

\* \* \* \* \* \*

Section 7 of Art. 3266 requires the county judge, of no objections are filed within ten days, to cause the award to be recorded in the minutes and make the same the judgment of the court. No jurisdiction is conferred upon the court to do anything more than accept and adopt the award as its judgment, and this follows by operation of law and the ministerial act of the county judge. There is nothing which the court, as distinguished from the county judge in his administrative capacity, can hear and determine by the exercise of its judicial powers. It seems clear to us, therefore, that an order directing that the award be recorded and making the same the judgment of the court does not constitute a judgment in a civil case, and that there is no right of appeal therefrom. This conclusion is inescapable in view of the provisions of Arts. 3266 and 3268 and is also consistent with our holdings in *Parker v. Ft. Worth & D.C. Ry. Co*, 84 Tex. 333, 19 S.W. 518, and *Fortune v. Killebrew*, supra. See, also, *Temple v. Riverland Co.*, Tex.Civ. App., 228 S.W. 605 (no writ) and 28 Tex. Law Rev. 112.

In *Rose v. State*, 497 S.W.2d 444, 445 (Tex.1973), the court reiterated the ruling by stating:

A judgment which a county court renders upon the basis of an award to which there have been no objections is the judgment of a special tribunal. Such a judgment is ministerial in nature and is the judgment of an administrative agency. It is not a judgment from which an appeal will lie . . . . It is not a judgment in a civil suit, because the proceedings did not reach the stage of "a case in court."

■ We hold that when no timely objections to the award are filed, there is no

---

1.  The statute has since been amended allowing the objections to be filed on or before the first

Monday following the 20th day after the filing of the award with the judge.

right of appeal from the judgment subsequently entered in the proceedings even though the same does not conform to the award. *Pearson v. State, supra.*

Condemnors' motion to dismiss is sustained, and the appeal is accordingly dismissed.