## WHITAKER v. NEAL et al.

### No. 6157.

Court of Civil Appeals of Texas. Texarkana.
March 22, 1945.

Rehearing Denied April 26, 1945.

Fred Whitaker, of Carthage, Phillips, Trammell, Estes & Edwards and David B. Trammell, all of Ft. Worth, for appellant.

Brachfield & Wolfe and Paul S. Colley, Jr., all of Henderson, and Long & Strong, of Carthage, for appellees.

WILLIAMS, Justice.

On and for years prior to November 10, 1924, J. S. Neal and Wood Morris owned jointly a 63-acre tract of land out of the W. Anderson Survey and an adjacent tract of fifty acres out of Augustus Smith Survey, situated in Panola County, Texas. On above date Neal executed and delivered to Morris a deed which was duly filed for record and recorded in Vol. 64, p. 407, Deed Records of Panola County. This deed in part reads:

"* * * J. S. Neal * * * do grant, sell and convey unto the said Wood Morris * * * all that certain tract of land situated * * * described as follows:

"1st Tract:

"An undivided one-half interest in and to" the 63-acre tract, and after describing the tract by metes and bounds concludes:

"This conveyance is to and does convey an undivided one-half interest in the above described tract of land."

"2nd Tract:

"An undivided one-half interest in and to" the 50-acre tract, and after describing the tract by metes and bounds, concludes:

"This conveyance conveys only an undivided one-half interest in the above described tract of land."

A clause in this deed which gives rise to this suit reads: "It is hereby agreed and understood that the said J. S. Neal retains and reserves herein, an undivided one half interest in and to all the minerals of whatsoever description, in and under said land, together with the right of ingress and egress at all times for the purpose of mining and developing said minerals, but all damages occasioned to any growing crops upon said lands by reason of mineral development therein, shall be paid by such person so operating."

The Federal Land Bank of Houston subsequently through a foreclosure of a deed of trust lien against Morris acquired all his title and interest in above lands. Thereafter, on December 21, 1934, it executed and delivered to R. V. Capps and A. Burns a deed of conveyance, duly filed for record in the Panola County Deed Records, which recites a cash consideration and the execution by the grantees of an installment vendor's lien note of $678. Such portions of this deed pertinent here, read:

"* * * Has granted, sold and conveyed and by these presents does grant, sell and convey unto the said R. V. Capps and Alpha Burns, all that certain tract, or tracts or parcel of land situated in Panola County, to-wit:" (The tracts conveyed are de-

scribed by metes and bounds and followed by the clause, namely:)

"Subject to one-half (½) of all the oil, gas and all other minerals outstanding and not owned by the undersigned Bank, said one half (½) of all the minerals having heretofore been retained in a deed recorded in Volume 64, page 407, Deed Records of Panola County, Texas, subject to which retention in said deed this conveyance is made; and further there is excepted from this conveyance, for a limited time only, all of the remaining one-half (½) of all of the oil, gas, and other minerals in, on, under, and/or about the land herein conveyed until the purchase money note hereinabove mentioned has been fully paid and discharged, it being agreed that the Grantor will join in the execution of a lease for the development of the remaining one-half (½) of said minerals when a price is paid satisfactory to said Bank, the amount of such bonus for said lease, together with all rentals accruing thereunder, to be credited on the principal of the purchase money note herein mentioned, and when the purchase money note has been fully paid, and not sooner, the title to the remaining one-half (½) of all the oil, gas and other minerals is to pass by this deed to the Grantees, their heirs and assigns."

The warranty clause stipulates: "The Federal Land Bank of Houston does bind itself, its successors and assigns to Warrant and Forever Defend all and singular the said premises unto the said R. V. Capps and Alpha Burns, their heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof, subject to the retention of a mineral interest in and to the land herein conveyed, as hereinabove expressly stated."

R. V. Capps and Alpha Burns on February 27, 1943, executed and delivered a deed which purports to convey to Fred Whitaker "an undivided one-eighth interest" in and to all the minerals under above two tracts of land. This deed stipulates that: "The one-eighth interest conveyed here is a part of the one-half interest being claimed by the heirs of J. S. Neal, deceased, as shown in Vol. 64, page 407, Deed Records of Panola County, Texas, to which reference is here made for all purposes."

In the petition wherein Sallie Neal and others, the heirs of J. S. Neal, deceased, were named defendants, Capps, Burns and Whitaker, the plaintiffs below, pleaded a trespass to try title action in statutory form, R.S. Art. 7366, and sought recovery of a three-fourths mineral interest in both tracts. Plaintiffs contended in the trial court and Whitaker who alone appeals here contends that Neal by virtue of the reservation in his deed to Morris had reserved only one-half of his one-half interest in the minerals, and not one-half of all the minerals; and that under the deed from the Land Bank to Capps and Burns the latter acquired all the surface and three-fourths of the minerals under both tracts, in that the Land Bank had acquired under the deed of trust lien foreclosure the interest then owned by Morris.

The judgment decreed that plaintiffs take nothing as to the one-half interest of the defendants; and on the latter's cross-action that the cloud cast on their one-half of the minerals by reason of assertion of claims of plaintiffs be removed. We are in accord with the court's conclusion of law that under the deed from the Land Bank to Capps and Burns they acquired the surface to above lands and only an undivided one-half interest in the minerals but did not acquire any title to the one-half of the minerals which had theretofore been reserved by Neal in the deed recorded in Vol. 64, page 407.

In sustaining above conclusion of the trial court we need not determine whether the Land Bank acquired one-half plus one-fourth of the minerals by virtue of their purchase under the foreclosure sale, and if so, the Bank could have conveyed to Capps and Burns a three-fourths mineral interest. The deed executed and accepted by Capps and Burns does not purport to convey a three-fourths mineral interest. To the contrary, the deed expresses in clear, certain and unambiguous language that the land with only one-half of the minerals was being conveyed. The deed expresses a clear intent that there was being excepted from the conveyance of the land the one-half mineral interest theretofore retained by Neal. It would be without reason for a grantor to state explicitly, as here, that it does not own a certain interest and ascribe to it under the reservation clause above set out an intention to convey such interest. 26 C.J.S., Deeds, § 128; Associated Oil Co. v. Hart, Tex.Com.App., 277 S.W. 1043.

The deed from the Bank to Capps and Burns was in appellant Whitaker's chain of title. As a grantee of Burns and

Capps to the interest he asserts here, he is bound by the terms and reservation in the deed from the Land Bank to his grantors. He acquired no better title under his deed than his grantors then held. Henderson v. Book, Tex.Civ.App., 128 S.W.2d 117; Greene v. White, 137 Tex. 361, 153 S.W. 2d 575, 136 A.L.R. 626; 43 T. J., Vendor & Purchaser, Sec. 383.

The judgment is affirmed.