**LO–VACA GATHERING COMPANY,**
Appellant,

v.

**I. C. EARP et al., Appellees.**

No. 6277.

Court of Civil Appeals of Texas,
El Paso.

Oct. 11, 1972.

Jerome Owens, Jr., W. T. Blackburn, B. W. Schrader, Joseph A. Cohn, Jr., Jerry Dorsey, Corpus Christi, for appellant.

Hart Johnson, Ft. Stockton, Royal E. Caswell, Jr., Odessa, Lawrence L. Fuller, Monahans, for appellees.

OPINION

RAMSEY, Chief Justice.

This is an appeal from an order of dismissal in a condemnation case. Lo-Vaca Gathering Company, Condemnor-Appellant,

instituted condemnation proceedings against I. C. Earp and others, Condemnees-Appellees. Subsequent to the appeal from the Commissioners' award, Phipps Sand and Gravel Company, Inc., designated as Intervenor, which was not a party to the original proceeding, filed a Petition in Intervention in the County Court, alleging that the Intervenor is the lessee in a sand and gravel lease on the premises, and further alleging that it is a necessary and indispensable party and prayed that the suit be abated and dismissed until the Intervenor is joined in the proceedings. Condemnor, in answer, denied that it sought to condemn any interest of the Intervenor. The trial Court, without the introduction of any evidence, granted Intervenor's plea in abatement on the pleadings filed and dismissed the cause of action. From such order of dismissal, Condemnor has perfected this appeal. We reverse the order of the trial Court and remand the case to the County Court of Pecos County with instructions that the cause of action be reinstated on the docket for trial.

■ Neither the Condemnees nor the Intervenor have filed briefs in reply to the Condemnor. Since no evidence was introduced in the trial Court, the validity of the Court's order of dismissal must be determined solely as a matter of law.

■■ Condemnor's amended petition expressly excepted from the easement sought all right, title and interest of the Condemnees or lessees in any sand and gravel on the premises. Thus, the Condemnor sought to take a limited easement which is recognized in this State. White et al. v. Natural Gas Pipeline Company of America, 444 S.W.2d 298 (Tex.Sup.Ct.1969). A Condemnor is not required to take more land than it needs nor to secure unnecessary rights or privileges. State v. Frost et al., 456 S.W.2d 245 (Tex.Civ.App. writ ref'd n.r.e.).

■ In the absence of evidence showing a damage to or inference with the interest of the Intervenor, the Condemnor should not be required to secure any unnecessary right incident to its easement. Texas Power & Light Company v. Cole et al., 158 Tex. 495, 313 S.W.2d 524 (1958). If, at a later time, the Condemnor should have need to acquire further land, rights or privileges, then it may do so by a second taking. If the Condemnor interferes with the Intervenor's estate without instituting condemnation proceedings, then such interference will constitute a second taking by inverse condemnation for which the Intervenor would have its remedy. Chambers-Liberty Counties Navigation District v. Banta et al., 453 S.W.2d 134 (Tex.Sup.Ct.1970).

■ The failure of a condemnor to join an owner of an interest in the land renders ineffectual the proceedings as to interest of the party not joined. Such failure, however, should not invalidate the entire proceedings insofar as the interest of the parties who are properly designated and made parties to the proceedings. 6 Nichols on Eminent Domain, Sec. 26.1134; Union Fraternal Latino Americana v. City of San Antonio, 315 S.W.2d 68 (Tex.Civ.App. no writ).

■ The order of the trial Court sustaining Intervenor's Plea in Intervention and dismissing the cause of action is hereby reversed and this cause remanded to the County Court of Pecos County for reinstatement on the docket of the trial Court for trial on the merits as to the Condemnees, who are the parties of record.