**METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS, Appellant,**

**v.**

**Mary Francis Hofheinz GRAHAM, formerly known as Mary F. Hofheinz, Individually and as Executor of the Estate of Roy M. Hofheinz, Deceased, Roy M. Hofheinz, Jr., James Fred Hofheinz, Dene Hofheinz Anton, also known as Dene Hofheinz Mann and the Hofheinz Family Trust No. 2, Appellees.**

No. 14–02–00284–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 8, 2003.

J. Mark Breeding, Houston, for appellant.

W. Allyn Hoaglund, Houston, for appellees.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

Appellant Metropolitan Transit Authority of Harris County ("Metro") appeals the dismissal of its eminent domain proceeding against appellees Mary Francis Hofheinz Graham, formerly known as Mary F. Hofheinz, individually and as executor [1] of the Estate of Roy M. Hofheinz, Deceased, James Fred Hofheinz, and Dene Hofheinz Anton, also known as Dene Hofheinz Mann (collectively "the Adjudicated Owners"). Roy M. Hofheinz, Jr. and the Hofheinz Family Trust No. 2 (the latter entity being "the Trust"), named in the condemnation petition but not served with notice of the hearing, also appear as appellees (together "the Unserved Owners"). Finding the trial court erred in dismissing Metro's lawsuit for lack of jurisdiction, we reverse the dismissal and award of attorney's fees, and remand the case for further proceedings.

---

1. The record reflects Mary F. Hofheinz as "executor," not "executrix." We have fol-lowed the record's designation.

## FACTUAL BACKGROUND

As part of the construction of the 7.5–mile light rail line running from downtown Houston to the Astrodome area, Metro sought to acquire a 1.65–acre tract of land owned by appellees. Metro began construction work on the property under a temporary right of entry agreement obtained from two of the appellees, however when purchase negotiations deteriorated, Metro initiated condemnation proceedings. Metro's original petition and statement in condemnation filed July 2001 named all of the appellees as owners of the property. The trial court appointed special commissioners pursuant to Section 21.014 of the Texas Property Code and set the required hearing, but Metro was unable to serve notice of the hearing on the two Unserved Owners. On September 26, 2001, the morning of the hearing, Metro filed a notice of absence of service advising the special commissioners that despite diligent efforts, it had not been able to serve Roy M. Hofheinz, Jr. and the Trust, and would be proceeding only against the owners of a 5/12 undivided interest in the property who had been served. After the hearing, the special commissioners entered an award as to the 5/12 undivided interests of the owners who had been served, but did not adjudicate the remaining 7/12 undivided interests of Roy M. Hofheinz, Jr. and the Trust. Metro then initiated a second condemnation proceeding in another court to acquire rights to the remaining 7/12 undivided interests, a proceeding not involved in this appeal.[2]

Following the trial court's approval of the special commissioners' award, Metro filed objections to the commissioners' findings under section 21.018 of the Texas Property Code, appealing the award and findings to the trial court. Shortly thereafter, the Adjudicated Owners and the Unserved Owners jointly filed a motion to dismiss the condemnation proceeding, arguing that lack of notice and service on the Unserved Owners deprived the special commissioners (and thus the trial court) of subject matter jurisdiction.[3] After initially rejecting this argument, the trial court subsequently agreed and dismissed the original lawsuit for lack of jurisdiction. At the dismissal hearing, the court noted that although separate condemnation proceedings are not prohibited, Metro had opted to name all the undivided interest owners in one proceeding then failed to dismiss the two unserved parties prior to the special commissioners' hearing, thus violating the requirement that all parties be given notice of the hearing. In its findings of fact and conclusions of law, the trial court concluded that Metro failed to strictly comply with the Texas Property Code by failing to serve notice of the hearing on Roy M. Hofheinz, Jr. and the Trust or dismissing them prior to the hearing. This, in turn, deprived the commissioners of jurisdiction to proceed with the condemnation hearing and deprived the trial court of jurisdiction to proceed with the lawsuit. The dismissal order granted appellees attorney's fees and costs against Metro in an amount of $57,452.50.

In two issues, Metro contends the dismissal was inappropriate because (1) appellees lacked standing to seek dismissal; and (2) the trial court erred in ruling it had no jurisdiction.

## ANALYSIS

Texas has enacted a comprehensive statutory scheme governing the State's

---

2. Metro filed an amended petition deleting reference to the Unserved Owners after the hearing and the filing of its objections, but prior to the dismissal order.

3. Appellees also jointly filed objections to the award in the same pleading, subject to their motion to dismiss.

eminent domain power, setting forth jurisdictional requirements that must be met before it can condemn private property for public use. *See* TEX. PROP.CODE §§ 21.001–.065. Condemnation proceedings have two distinct phases. The first phase is administrative, involving a hearing before three special commissioners appointed by the trial court. *Id.* §§ 21.014–.015. After a hearing, the commissioners enter findings and determine condemnation damages due the property owner. *Id.* §§ 21.014, 21.018. If any party timely files an objection to the commissioners' award, the award is vacated and the case proceeds to the second phase as any other judicial proceeding in the trial court. *Id.* § 21.018; *State v. Blackstock,* 879 S.W.2d 125, 126 Tex.App.-Houston [14th Dist.] (1994), writ denied.

■■■ As recently confirmed by the Texas Supreme Court, proceedings to condemn private land for public use are special in character, and a party attempting to establish its right to condemn must show strict compliance with chapter 21 of the Texas Property Code. *State v. Bristol Hotel Asset Co.,* 65 S.W.3d 638, 641 (Tex. 2002). All parties to the proceeding are entitled to notice of the time and place of the hearing, and the requirement that notice of the commissioners' hearing be served on a party is equivalent to the requirement in ordinary judicial proceedings that citation be properly served on a defendant. *Id.*

In *Bristol,* the supreme court stated, "Unless notice has been properly served in accordance with the statute, the commissioners have no jurisdiction to assess damages or do anything that would declare a condemnation of the property." *Id.* Appellees rely on this language to support their contention that the trial court properly dismissed Metro's condemnation action. In essence, appellees contend the court lacked jurisdiction because (1) all owners

must be named and served in one proceeding; and (2) not all of the named owners were served in this case.

### *Subject Matter Jurisdiction—Failure to Serve all Owners*

■■■ Regarding Metro's jurisdiction issue, appellees first argue that the trial court lacked jurisdiction over the condemnation proceeding because Metro failed to serve all owners with notice of the commissioners' hearing. Implicit in this argument is the assertion that jurisdiction is not acquired unless all owners are named and served in one condemnation proceeding. Because the only evidence presented at the dismissal hearing pertained to costs and attorney's fees, the validity of the dismissal must be determined solely as a matter of law. *Lo–Vaca Gathering Co. v. Earp,* 487 S.W.2d 789, 790 (Tex.Civ.App.-El Paso 1972, no writ).

It is undisputed that all appellees except the two Unserved Owners were properly served with notice of the hearing, and that the commissioners' award only involved the 5/12 undivided interests of the appellees who were properly served, leaving untouched the undivided 7/12 ownership interests of the Unserved Owners. Although the Texas Supreme Court has yet to address the jurisdictional aspects of proceeding against less than all owners of undivided property interests in a condemnation proceeding, we find guidance in cases allowing condemnation actions to proceed in the absence of all owners when, as here, the rights of the unserved owners were not adjudicated or harmed. Noteworthy is the *Lo–Vaca* case wherein the court stated:

The failure of a condemnor to join an owner of an interest in the land renders ineffectual the proceedings *as to interest of the party not joined.* Such failure, however, *should not invalidate the en-*

*tire proceedings* insofar as the interest of the parties who are properly designated and made parties to the proceedings.

487 S.W.2d at 790 (emphasis added). Had the commissioners proceeded to adjudicate the 7/12 undivided interests of the Unserved Owners, a different case would be presented, as *Lo–Vaca* would recognize the impropriety of adjudicating interests of property owners not before the court. *See also City of Houston v. Kunze,* 153 Tex. 42, 262 S.W.2d 947, 951 (1953) (holding as void condemnation proceedings involving property rights of parties not properly served with notice). Because Metro notified the commissioners and the other parties it would be proceeding only against the owners who had been served and no action was taken against the Unserved Owners, *Lo–Vaca* supports the commissioners' actions regarding the Adjudicated Owners in absence of the Unserved Owners.

Similarly, the decision of *Elliott v. Joseph,* 163 Tex. 71, 351 S.W.2d 879, 884 (1961), is helpful in its holding that all persons having an interest in the property must be made parties in order for the condemning authority to obtain *complete title.* As noted, Metro acquired only the property interests of the Adjudicated Owners, not title to the entirety, and a second proceeding was initiated to acquire the interests of the Unserved Owners. The special commissioners below did not adjudicate the undivided property interests of the unserved appellees, and appellees do not allege they have been harmed by the proceedings below. Appellees do not cite, nor have we identified, any controlling authority depriving the court of jurisdiction over condemnation proceedings when all undivided interest owners have not been served with notice of the hearing, particularly when there has been no showing that the rights of unserved parties were injuriously affected.

In sum, appellees' arguments for lack of jurisdiction based on Metro's failure to serve all owners is without merit, and neither the commissioners nor the trial court were deprived of jurisdiction by Metro's failure to serve the two Unserved Owners under the circumstances of this case.

### Subject Matter Jurisdiction—Failure to Serve all Named Owners

■ Nevertheless, appellees further assert that by originally naming Roy M. Hofheinz, Jr. and the Trust as two of the owners of undivided interests in the property, Metro could not proceed until they had been served with notice of the hearing. Citing *Bristol,* appellees contend that once an owner is identified in a condemnation petition, subject matter jurisdiction is not acquired unless that owner is served with notice of the hearing. Implicit in this argument is that Metro could not, after filing its petition, elect to proceed against less than all of the identified owners. *Bristol,* however lends appellees no support in this regard. In *Bristol,* the court was called upon to determine the requirements for proof of notice of service in a condemnation proceeding, distinguishing the service requirements for return of a citation and the return in condemnation proceedings. 65 S.W.3d at 642. The method of securing and proving proper notice of the hearing, not the entities entitled to notice, was at issue in *Bristol,* which the court resolved by holding that returns of service in condemnation proceedings satisfying the statutory requirements are prima facie evidence of the facts recited therein. *Bristol* does not answer the question before us.

We are, however, not entirely without guidance. In *Union Fraternal Latino Americana v. City of San Antonio,* 315 S.W.2d 68, 70 (Tex.Civ.App.-San Antonio

1958, no writ), condemnation proceedings were instituted against owners of certain property, all of whom were served with notice by publication, including the appellant. Appellant appeared at the hearing and was awarded damages. *Id.* The appellee City of San Anon filed its objection to the award, and at trial, the appellant was found to be the sole owner and was awarded damages. *Id.* On appeal, the appellant argued the trial court lacked jurisdiction because there was defective service of the hearing notice. *Id.* The court of appeals acknowledged the deficient service, but held appellant waived the defect by appearing in person at the hearing. *Id.* Moreover, the court held it was immaterial that service on the other owners was defective, stating

> The proper service of notice on such other defendants was not a necessary prerequisite to confer jurisdiction on the court to hear and determine the rights of appellant, who effectively waived such notice by appearing and by submitting its case to the court.

*Id.* Thus, under *Union Fraternal Latino Americana,* lack of service on the Unserved Owners did not defeat the commissioners' and court's jurisdiction to hear and determine the rights of the Adjudicated Owners.

Additional guidance is found in *City of Houston v. Kunze,* 153 Tex. 42, 262 S.W.2d 947 (1953), which recognized the corollary issue that special commissioners and courts do not acquire jurisdiction over owners not properly served with notice of the hearing (and who otherwise do not appear or waive notice). In *Kunze,* the special commissioners found all owners had been served with notice, but that only appellee was entitled to condemnation damages. *Id.* at 949, 262 S.W.2d 947. The owners other than appellee filed objections to the award, but appellee filed a trespass to try title suit against the other owners and the appellant City of Houston, which the City attempted to enjoin. *Id.* At 949–50. In upholding denial of the injunction based on the City's improper service of notice on appellee, the court of appeals held that until an owner is properly served with notice of the hearing, the commissioners and court are without jurisdiction or authority to assess damages as to an unserved owner. *Id.* at 951. Because the appellee had not been served, the City of Houston had no right to enjoin his trespass to try title suit as to his interests in the property. *Id.*

 Taken together, these cases support Metro's proposition that it need not have served all owners in one proceeding, and that going forward without service on the Unserved Owners did not invalidate jurisdiction over the owners and their property interests who had been served. Under *Union Fraternal Latino Americana* and *Kunze,* naming but not serving one or more owners of a particular property does not invalidate jurisdiction as to those owners properly served and before the court, and does not defeat the commissioners' authority to assess damages as to those owners properly before it. Appellees' argument would require us to hold that unless all named owners are served in one condemnation proceeding, special commissioners are unauthorized to take action and trial courts are without jurisdiction in chapter 21 proceedings, a position we are not inclined to adopt in light of these cases holding to the contrary.

Nothing in the statutory scheme for condemnation actions prohibited Metro from electing to proceed against only the Adjudicated Owners at the hearing, thereby impliedly abandoning its claims at that point against the Unserved Owners. Metro's failure to serve all of the named owners with notice of the hearing may have

deprived the court of jurisdiction over the Unserved Owners, but did not deprive it of jurisdiction over the Adjudicated Owners.

## Condemnation of Undivided Interests in Property

 Last, appellees argue that regardless of the procedural and jurisdictional defects, condemnation of only a portion of undivided interests in property is not authorized by state law. Appellees base their argument not on the existence of prohibitory law, but on the lack of permissive law. While it is true this issue has not been squarely addressed by our supreme court, supportive authority does exist for condemnation of undivided interests. Texas has long recognized that a condemnor can condemn any property interest that can be privately acquired or conveyed. *Houston N. Shore R. Co. v. Tyrell,* 128 Tex. 248, 98 S.W.2d 786, 793 (1936). *See also Lo–Vaca,* 487 S.W.2d at 790. Undivided interests are property rights that can be freely acquired and conveyed. *See, e.g., Burns v. Goodrich,* 392 S.W.2d 689 (Tex.1965); *Whitaker v. Neal,* 187 S.W.2d 147 (Tex.Civ.App.-Texarkana 1945, writ ref'd). Applying these cases in conjunction, we see no reason why a portion of undivided interests in property cannot be the subject of otherwise lawful condemnation proceedings. Appellee fails to cite any authority, and we have found none, which dictates a different conclusion.

We find the trial court had jurisdiction over the condemnation proceeding and that the special commissioners were authorized to go forward regarding the 5/12 undivided interests of the appellees who were served with notice. Metro's notice of absence of service filed prior to the hearing limited the scope of its intended actions to those parties (and their respective property interests) who were served with notice. The record shows that such pleading was accepted by the special commissioners, as they entered an award in conformity with the notice of absence of service. Although more traditional procedures may have been available, Metro's use of the notice of absence of service to limit the scope of its condemnation action was not procedurally improper. While we are cognizant that multiple condemnation proceedings against portions of undivided interests in property may run the risk of potentially inconsistent damages and results, nothing suggests this factor alone operates to deprive the court of jurisdiction over the parties and property interests who are properly before it. Metro's second issue is sustained.

## Standing to Seek Dismissal

Metro also challenges the trial court's granting of the dismissal, arguing that none of the appellees had standing to seek dismissal. According to Metro, the Unserved Owners had no standing because their undivided ownership interests were not adjudicated by the special commissioners and the Adjudicated Owners were without standing to raise any violation of the Unserved Owners' rights. We are without benefit of appellees' response to this argument, as they have not addressed the issue in their brief.

 It is well-established that standing pertains to an individual's justiciable interest in a lawsuit, and a person has standing when an alleged wrong affects him personally. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex.1996). Here, the commissioners' award did not adjudicate the Unserved Owners' property interests and the Adjudicated Owners had no claim for enforcing any rights of the Unserved Owners. *See Union Fraternal Latino Americana,* 315 S.W.2d at 70. We need not reach the merits of this issue, however, as we have sustained Metro's second issue on the basis of jurisdiction and are reversing the

dismissal and remanding the case to the trial court. We note that it ultimately makes little difference, if any, whether or not appellees had standing to seek dismissal; our remand of this case to the trial court returns appellant and appellees to their pre-dismissal status, with all owners and Metro having filed objections to the special commissioners' findings. *See Blackstock*, 879 S.W.2d at 126–27 (stating that upon filing of objections to commissioners' award, award is vacated and administrative proceeding converts into normal judicial cause in civil court). As this would remain the result whether we sustain one or both of Metro's issues on appeal, the first issue is moot. *See VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993) (noting that an appeal is moot when a court's actions cannot affect the rights of the parties). Metro's first issue is overruled.

### CONCLUSION

Appellant's second issue is sustained, the order of dismissal and award of attorney's fees is reversed and the case is remanded for further trial proceedings.