Reversed and Remanded and Opinion filed May 8, 2003









Reversed and Remanded and Opinion filed May 8, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-02-00284-CV

____________

 

METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS
Appellant

 

V.

 

MARY FRANCIS HOFHEINZ GRAHAM, FORMERLY KNOWN AS MARY F.  HOFHEINZ, INDIVIDUALLY AND AS EXECUTOR OF THE
ESTATE OF 

ROY M. HOFHEINZ, DECEASED, ROY M.
HOFHEINZ, JR., JAMES FRED HOFHEINZ, DENE HOFHEINZ ANTON, ALSO KNOWN AS DENE
HOFHEINZ MANN AND THE HOFHEINZ FAMILY TRUST NO. 2,
Appellees

 

 



 

On
Appeal from County Civil Court at Law No. 4

Harris County, Texas

Trial
Court Cause No.  756,102

 



 

O P I N I O N









Appellant
Metropolitan Transit Authority of Harris County (AMetro@) appeals the dismissal of its eminent domain proceeding
against appellees Mary Francis Hofheinz
Graham, formerly known as Mary F. Hofheinz,
individually and as executor[1]
of the Estate of Roy M. Hofheinz, Deceased, James
Fred Hofheinz, and Dene Hofheinz Anton, also known as Dene
Hofheinz Mann (collectively Athe
Adjudicated Owners@).  Roy M. Hofheinz, Jr. and the Hofheinz
Family Trust No. 2 (the latter entity being Athe Trust@), named in the condemnation petition but not served with
notice of the hearing, also appear as appellees
(together Athe Unserved Owners@).  Finding the trial court erred in dismissing
Metro=s
lawsuit for lack of jurisdiction, we reverse the dismissal and award of
attorney=s
fees, and remand the case for further proceedings.

Factual Background








As
part of the construction of the 7.5-mile light rail line running from downtown
Houston to the Astrodome area, Metro sought to acquire a 1.65-acre tract of
land owned by appellees.  Metro began construction work on the property
under a temporary right of entry agreement obtained from two of the appellees, however when purchase negotiations deteriorated,
Metro initiated condemnation proceedings. Metro=s original petition and statement in condemnation filed  July 2001 named all of the appellees as owners of the property.  The trial court appointed special
commissioners pursuant to Section 21.014 of the Texas Property Code and set the
required hearing, but Metro was unable to serve notice of the hearing on the
two Unserved Owners. 
On September 26, 2001, the morning of the hearing, Metro filed a notice
of absence of service advising the special commissioners that despite diligent
efforts, it had not been able to serve Roy M. Hofheinz,
Jr. and the Trust , and would be proceeding only against the owners of a 5/12
undivided interest in the property who had been served.  After the hearing, the special commissioners
entered an award as to the 5/12 undivided interests of the owners who had been
served, but did not adjudicate the remaining 7/12 undivided interests of Roy M.
Hofheinz, Jr. and the Trust.  Metro then initiated a second condemnation
proceeding in another court to acquire rights to the remaining 7/12 undivided
interests, a proceeding not involved in this appeal.[2]

Following
the trial court=s approval of the special commissioners=
award, Metro filed objections to the commissioners=
findings  under section 21.018 of the
Texas Property Code, appealing the award and findings to the trial court.  Shortly thereafter, the Adjudicated Owners
and the Unserved Owners jointly filed a motion to
dismiss the condemnation proceeding, arguing that lack of notice and service on
the Unserved Owners deprived the special
commissioners (and thus the trial court) of subject matter jurisdiction.[3]  After initially rejecting this argument, the
trial court subsequently agreed and dismissed the original lawsuit for lack of
jurisdiction.  At the dismissal hearing,
the court noted that although separate condemnation proceedings are not
prohibited, Metro had opted to name all the undivided interest owners in one
proceeding then failed to dismiss the two unserved
parties prior to the special commissioners= hearing, thus violating the requirement that all parties be
given notice of the hearing.  In its
findings of fact and conclusions of law, the trial court concluded that Metro
failed to strictly comply with the Texas Property Code by failing to serve
notice of the hearing on Roy M. Hofheinz, Jr. and the
Trust or dismissing them prior to the hearing. 
This, in turn, deprived the commissioners of jurisdiction to proceed
with the condemnation hearing and deprived the trial court of jurisdiction to
proceed with the lawsuit.  The dismissal
order granted appellees attorney=s
fees and costs against Metro in an amount of $57,452.50. 

In
two issues, Metro contends the dismissal was inappropriate because (1) appellees lacked standing to seek dismissal; and (2) the
trial court erred in ruling it had no jurisdiction. 

                                                                              

 








Analysis

Texas
has enacted a comprehensive statutory scheme governing the State=s
eminent domain power, setting forth jurisdictional requirements that must be
met before it can condemn private property for public use.  See Tex.
Prop. Code '' 21.001-.065. 
Condemnation proceedings have two distinct phases.  The first phase is administrative, involving
a hearing before three special commissioners appointed by the trial court.  Id. '' 21.014-.015.  After a
hearing, the commissioners enter findings and determine condemnation damages
due the property owner.  Id. ''
21.014, 21.018.  If any party timely
files an objection to the commissioners= award, the award is vacated and the case proceeds to the
second phase as any other judicial proceeding in the trial court.  Id. ' 21.018; State v. Blackstock,
879 S.W.2d 125, 126 Tex. App.BHouston [14th Dist.] 1994, writ denied.

As
recently confirmed by the Texas Supreme Court, proceedings to condemn private
land for public use are special in character, and a party attempting to
establish its right to condemn must show strict compliance with chapter 21 of
the Texas Property Code.  State v.
Bristol Hotel Asset Co., 65 S.W.3d 638, 641 (Tex. 2002).  All parties to the proceeding are entitled to
notice of the time and place of the hearing, and the requirement that notice of
the commissioners= hearing be served on a party is equivalent to the requirement
in ordinary judicial proceedings that citation be properly served on a
defendant.  Id.  

In
Bristol, the supreme court stated, AUnless notice has been properly served in accordance with the
statute, the commissioners have no jurisdiction to assess damages or do
anything that would declare a condemnation of the property.@
 Id.  Appellees rely on
this language to support their contention that the trial court properly
dismissed Metro=s condemnation action.  In essence, appellees
contend the court lacked jurisdiction because (1) all owners must be named and
served in one proceeding; and (2) not all of the named owners were served in
this case.








Subject
Matter Jurisdiction B
Failure to Serve all Owners

Regarding
Metro=s
jurisdiction issue, appellees first argue that the
trial court lacked jurisdiction over the condemnation proceeding because Metro
failed to serve all owners with notice of the commissioners=
hearing.  Implicit in this argument is
the assertion that jurisdiction is not acquired unless all owners are named and
served in one condemnation proceeding. 
Because the only evidence presented at the dismissal hearing pertained
to costs and attorney=s fees, the validity of the dismissal must be determined solely
as a matter of law.  Lo-Vaca Gathering Co. v. Earp,
487 S.W.2d 789, 790 (Tex. Civ. App.CEl
Paso 1972, no writ).  

It
is undisputed that all appellees except the two Unserved Owners were properly served with notice of the
hearing, and that the commissioners= award only involved  the
5/12 undivided interests of the appellees who were
properly served, leaving untouched the undivided 7/12 ownership interests of
the Unserved Owners. 
Although the Texas Supreme Court has yet to address the jurisdictional
aspects of proceeding against less than all owners of undivided property
interests in a condemnation proceeding, we find guidance in cases allowing
condemnation actions to proceed in the absence of all owners when, as here, the
rights of the unserved owners were not adjudicated or
harmed.  Noteworthy is the Lo-Vaca case wherein the court stated:

The failure of a condemnor
to join an owner of an interest in the land renders ineffectual the proceedings
as to interest of the party not joined. 
Such failure, however, should not invalidate the entire proceedings insofar
as the interest of the parties who are properly designated and made parties to
the proceedings. 

 








487 S.W2d
at 790 (emphasis
added).  Had
the commissioners proceeded to adjudicate the 7/12 undivided interests of the Unserved Owners, a different case would be presented, as Lo-Vaca would recognize the impropriety of adjudicating
interests of property owners not before the court.  See also City of Houston v. Kunze, 262 S.W.2d 947, 951 (Tex. 1953) (holding as void
condemnation proceedings involving property rights of parties not properly
served with notice).  Because Metro
notified the commissioners and the other parties it would be proceeding only
against the owners who had been served and no action was taken against the Unserved Owners, Lo-Vaca
supports the commissioners= actions regarding the Adjudicated Owners in absence of the Unserved Owners. 

Similarly,
the decision of Elliott v.  Joseph,
351 S.W.2d 879, 884 (Tex. 1961), is helpful in its holding that all persons
having an interest in the property must be made parties in order for the
condemning authority to obtain complete title.  As noted, Metro acquired only the property
interests of the Adjudicated Owners, not title to the entirety, and a second
proceeding was initiated to acquire the interests of the Unserved
Owners.  The special commissioners below
did not adjudicate the undivided property interests of the unserved
appellees, and appellees do
not allege they have been harmed by the proceedings below.  Appellees do not
cite, nor have we identified, any controlling authority depriving the court of
jurisdiction over condemnation proceedings when all undivided interest owners
have not been served with notice of the hearing, particularly when there has
been no showing that the rights of unserved parties
were injuriously affected.

In
sum, appellees= arguments for lack of jurisdiction based on Metro=s
failure to serve all owners is without merit, and neither the commissioners nor
the trial court were deprived of jurisdiction by Metro=s
failure  to serve the two Unserved Owners under the circumstances of this case.

Subject
Matter Jurisdiction B Failure to Serve all Named Owners








Nevertheless,
appellees further assert that by originally naming
Roy M. Hofheinz, Jr. and the Trust as two of the
owners of undivided interests in the property, Metro could not proceed until
they had been served with notice of the hearing.  Citing Bristol, appellees
contend that once an owner is identified in a condemnation petition, subject
matter jurisdiction is not acquired unless that owner is served with notice of
the hearing.  Implicit in this argument
is that Metro could not, after filing its petition, elect to proceed against
less than all of the identified owners.  Bristol,
however lends appellees no support in this
regard.  In Bristol, the court was
called upon to determine the requirements for proof of notice of service in a
condemnation proceeding, distinguishing the service requirements for return of
a citation and the return in condemnation proceedings.  65 S.W.3d at 642.  The method of securing and proving proper
notice of the hearing, not the entities entitled to notice, was at issue in Bristol,
which the court resolved by holding that returns of service in condemnation
proceedings satisfying the statutory requirements are prima facie evidence of
the facts recited therein.  Bristol
does not answer the question before us.  

We
are, however, not entirely without guidance. 
In Union Fraternal Latino Americana v. City of San Antonio, 315
S.W.2d 68, 70 (Tex. Civ. App. B
San Antonio 1958, no writ), condemnation proceedings were instituted against
owners of certain property, all of whom were served with notice by publication,
including the appellant.  Appellant
appeared at the hearing and was awarded damages.  Id. 
The appellee City of San Antonio filed its
objection to the award, and at trial, the appellant was found to be the sole
owner and was awarded damages.  Id.  On appeal, the appellant argued the trial
court lacked jurisdiction because there was defective service of the hearing
notice.  Id.  The court of appeals acknowledged the
deficient service, but held appellant waived the defect by appearing in person
at the hearing.  Id.  Moreover, the court held it was immaterial
that service on the other owners was defective, stating 

The
proper service of notice on such other defendants was not a necessary
prerequisite to confer jurisdiction on the court to hear and determine the
rights of appellant, who effectively waived such notice by appearing and by
submitting its case to the court.

 

Id.   Thus, under Union
Fraternal Latino Americana, lack of service on the Unserved
Owners did not defeat the commissioners= and court=s jurisdiction to hear and determine the rights of the
Adjudicated Owners. 

 








Additional guidance is found in City of Houston v. Kunze, 262 S.W.2d 947 (Tex. 1953), which recognized the
corollary issue that special commissioners and courts do not acquire
jurisdiction over owners not properly served with notice of the hearing (and
who otherwise do not appear or waive notice). 
In Kunze, the special commissioners
found all owners had been served with notice, but that only appellee
was entitled to condemnation damages.  Id.
at 949.  The owners other than appellee filed objections to the award, but appellee filed a trespass to try title suit against the
other owners and the appellant City of Houston, which the City attempted to
enjoin.  Id. At 949-50.  In upholding denial of the injunction based
on the City=s improper service of notice on appellee, the court of appeals held that until an owner is
properly served with notice of the hearing, the commissioners and court are
without jurisdiction or authority to assess damages as to an unserved owner.  Id.
at 951.  Because the appellee had not been served, the City of Houston had no
right to enjoin his trespass to try title suit as to his interests in the
property.  Id.

Taken
together, these cases support Metro=s proposition that it need not have served all owners in one
proceeding, and that going forward without service on the Unserved
Owners did not invalidate jurisdiction over the owners and their property
interests who had been served.  Under Union
Fraternal Latino Americana and Kunze,
naming but not serving one or more owners of a particular property does not
invalidate jurisdiction as to those owners properly served and before the
court, and does not defeat the commissioners= authority to assess damages as to those owners properly before
it.  Appellees=
argument would require us to hold that unless all named owners are served in
one condemnation proceeding, special commissioners are unauthorized to take
action and trial courts are without jurisdiction in chapter 21 proceedings, a
position we are not inclined to adopt in light of these cases holding to the
contrary.








Nothing
in the statutory scheme for condemnation actions prohibited Metro from electing
to proceed against only the Adjudicated Owners at the hearing, thereby
impliedly abandoning its claims at that point against the Unserved
Owners.  Metro=s
failure to serve all of the named owners with notice of the hearing may have
deprived the court of jurisdiction over the Unserved
Owners, but did not deprive it of jurisdiction over the Adjudicated Owners. 

Condemnation
of Undivided Interests in Property

Last,
appellees argue that regardless of the procedural and
jurisdictional defects, condemnation of only a portion of undivided interests
in property is not authorized by state law. 
Appellees base their argument not on the
existence of prohibitory law, but on the lack of permissive law.  While it is true this issue has not been
squarely addressed by our supreme court, supportive authority does exist for condemnation of undivided
interests.  Texas has long recognized
that a condemnor can condemn any property interest
that can be privately acquired or conveyed. 
Houston N. Shore Ry. Co. v. Tyrell, 98
S.W.2d 786, 793 (Tex. 1936).  See also
Lo-Vaca, 487 S.W.2d at 790.  Undivided interests are property rights that
can be freely acquired and conveyed.  See,
e.g., Burns v. Goodrich, 392 S.W.2d 689 (Tex. 1965); Whitaker v. Neal,
187 S.W.2d 147 (Tex. Civ. App.CTexarkana 1945, writ ref=d).  
Applying these cases in conjunction, we see no reason why a portion of
undivided interests in property cannot be the subject of otherwise lawful
condemnation proceedings.  Appellee fails to cite any authority, and we have found
none, which dictates a different conclusion.   









We
find the trial court had jurisdiction over the condemnation proceeding and that
the special commissioners were authorized to go forward regarding the 5/12
undivided interests of the appellees who were served
with notice.  Metro=s
notice of absence of service filed prior to the hearing limited the scope of
its intended actions to those parties (and their respective property interests)
who were served with notice.  The record
shows that such pleading was accepted by the special commissioners, as they
entered an award in conformity with the notice of absence of service.  Although more traditional procedures may have
been available, Metro=s use of the notice of absence of service to limit the scope of
its condemnation action was not procedurally improper.  While we are cognizant that  multiple condemnation proceedings against
portions of undivided interests in property may run the risk of potentially
inconsistent damages and results, nothing suggests this factor alone operates
to deprive the court of jurisdiction over the parties and property interests
who are properly before it.  Metro=s
second issue is sustained.

Standing
to Seek Dismissal

Metro
also challenges the trial court=s granting of the dismissal, arguing that none of the appellees had standing to seek dismissal.  According to Metro, the Unserved
Owners had no standing because their undivided ownership interests were not
adjudicated by the special commissioners and the Adjudicated Owners were
without standing to raise any violation of the Unserved
Owners=
rights.  We are without benefit of appellees= response to this argument, as they have not addressed the
issue in their brief.

It
is well-established that standing pertains to an individual=s
justiciable interest in a lawsuit, and a person has
standing when an alleged wrong affects him personally.  See Nootsie, Ltd. v.
Williamson County Appraisal Dist., 925 S.W.2d 659, 661 (Tex. 1996).  Here, the commissioners=
award did not adjudicate the Unserved Owners=
property interests and the Adjudicated Owners had no claim for enforcing any
rights of the Unserved Owners. See Union Fraternal
Latino Americana, 315 S.W.2d at 70. 
We need not reach the merits of this issue, however, as we have
sustained Metro=s second issue on the basis of jurisdiction and are reversing
the dismissal and remanding the case to the trial court.  We note that it ultimately makes little
difference, if any, whether or not appellees had
standing to seek dismissal; our remand of this case to the trial court returns
appellant and appellees to their pre-dismissal
status, with all owners and Metro having filed objections to the special
commissioners= findings.  See Blackstock, 879 S.W.2d at 126-27 (stating that upon
filing of objections to commissioners= award, award is vacated and administrative proceeding converts
into normal judicial cause in civil court). 
As this would remain the result whether we sustain one or both of Metro=s
issues on appeal, the first issue is moot. 
See VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84 (Tex. 1993)
(noting that an appeal is moot when a court=s actions cannot affect the rights of the parties).  Metro=s first issue is overruled. 








Conclusion

Appellant=s
second issue is sustained, the order of dismissal and award of attorney=s
fees is reversed and the case is remanded for further trial proceedings. 

 

 

 

 

/s/        Eva
M. Guzman

Justice

 

 

Judgment rendered and Opinion filed May 8,
2003.

Panel consists of Justices Edelman, Seymore,
and Guzman.

 

 











[1]  The record
reflects Mary F. Hofheinz as Aexecutor,@ not Aexecutrix.@  We have followed the record=s designation.





[2]  Metro filed an
amended petition deleting reference to the Unserved
Owners after the hearing and the filing of its objections, but prior to the
dismissal order.





[3]  Appellees also jointly filed objections to the award in the
same pleading, subject to their motion to dismiss.