**Affirmed and Memorandum Opinion filed January 18, 2018.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-16-00523-CV

**LYNDON MAYBERRY, Appellant**

**V.**

**KINDER MORGAN CRUDE & CONDENSATE, LLC, Appellee**

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 71532**

## M E M O R A N D U M   O P I N I O N

In this condemnation proceeding, appellant Lyndon Mayberry challenges the trial court's judgment condemning certain Brazoria County property in favor of appellee Kinder Morgan Crude & Condensate, LLC ("KMCC"). In four issues, Mayberry asserts that: (1) he has constitutional standing; (2) there is legally sufficient evidence that he has standing; (3) the trial court's judgment is void for lack of jurisdiction; and (4) certain statutory provisions concerning notice in a condemnation proceeding are unconstitutional.

Because we conclude that Mayberry lacks an ownership interest in the condemned property, we affirm the trial court's judgment.

## Background

KMCC filed a petition for condemnation, seeking to acquire a permanent easement for construction of a common-carrier pipeline through property in Brazoria County. KMCC identified a 98-acre tract of land across which it sought rights for a 50-foot easement.[1] After reviewing the Brazoria County real property records, KMCC could not identify all owners of record of the 98-acre tract. Thus, KMCC named several known and unknown parties as defendants, including Mayberry, the unknown heirs of T. L. Smith, W. P. Womack, and the estate of Alice Grovey[2]—all of whom KMCC alleged may own, possess, or claim some interest in the 98-acre tract. KMCC asserted that it provided the requisite paperwork to the defendants and that the defendants rejected its bona fide offer to purchase an interest in the property.[3]

KMCC sought appointment of special commissioners to schedule a hearing and assess damages occasioned by condemning the property.[4] The trial court appointed three special commissioners, who notified Mayberry and the other defendants, including the unknown defendants via publication, of the hearing to

---

[1] This condemnation proceeding concerns only the 50-foot easement in the 98-acre tract identified by KMCC in its condemnation petition. *See* Tex. Prop. Code § 21.012(b)(1) (stating that a condemnation petition must describe the property to be condemned). KMCC attached a metes and bounds survey description of the location of the easement to its condemnation petition.

[2] The petition identifies "Maurice Grovey" as the agent for the estate of Alice Grovey.

[3] *See* Tex. Prop. Code § 21.012(a) ("If an entity with eminent domain authority wants to acquire real property for public use but is unable to agree with the owner of the property on the amount of damages, the entity may begin a condemnation proceeding by filing a petition in the proper court."); *id.* § 21.012(b) (providing requisites of petition for condemnation).

[4] *See id.* §§ 21.014-.015

2

assess damages.[5] Mayberry appeared at the special commissioners' hearing. After hearing evidence and argument, the special commissioners signed an award assessing damages of $13,043 for condemnation of the easement over the 98-acre tract. In June 2013, KMCC deposited $13,043 into the court's registry.[6]

Subsequently, on June 7, 2013, Mayberry filed an objection and answer in which he denied KMCC's condemnation claims and objected to the special commissioners' award.[7] Tex. Prop. Code § 21.018. Mayberry alleged that the condemnation award was inadequate to compensate him for his interest in the property and that the special commissioners "failed to apply the correct measure of damages in determining the adequate compensation" to which he was entitled.

The court set the matter for trial in early 2016. Mayberry filed an amended answer against KMCC on the day of trial.[8] Mayberry alleged that KMCC's pipeline

---

[5] *See id.* § 21.016(d) (stating authorized methods of serving notice, including by publication if the property owner is unknown).

[6] KMCC also filed a $5,000 bond for any additional costs that could be awarded to condemnees.

[7] Maurice Grovey III, who was served with KMCC's petition, filed special exceptions, a general denial, and verified denials. Grovey claimed he had been misidentified as having an interest in the 98-acre tract and averred in an attached affidavit that he did not own or claim any interest in the property described in KMCC's petition. Further, at the hearing on March 7, 2016, described *infra*, Grovey's attorney disclaimed on behalf of Grovey any interest in the property on the record.

[8] Our record does not reflect whether Mayberry obtained leave of court to file his amended pleading. *See* Tex. R. Civ. P. 63 (providing that amended pleadings filed within seven days of the date of trial "shall be filed only after leave of the judge is obtained," but that "leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposing party"). In his amended pleading, Mayberry asserted several counterclaims against KMCC, but he presented no evidence relevant to these claims at trial and he later non-suited them. Although it appears Mayberry attempted to withdraw his non-suit, he has not raised any issues related to the counterclaims or the non-suit on appeal. Further, the trial court's judgment states that "all relief sought by any party at the time of the trial of this cause on March 7, 2016 not expressly granted in this judgment is denied."

3

"extend[ed] far beyond just the . . . 98 acre tract." Importantly, Mayberry expressly stated he had no interest in the 98-acre tract.

Mayberry also filed a trial brief in support of a motion to dismiss, although the motion to dismiss is not contained in our record. In his brief, Mayberry again clearly disclaimed any interest in the 98-acre tract at issue by stating "[t]he only persons with an interest in the Subject property are the Heirs of TL Smith. [Mayberry] is neither an Heir of TL Smith nor did he own any of their property interest at the time of the filing of this action."

KMCC filed a bench memorandum "concerning proof of standing as a predicate to offering evidence." KMCC asserted that Mayberry had "failed to provide any evidence of a vested interest in the [98-acre tract] through discovery or otherwise, be it by deed, mortgage note, county record, or other property ownership document." KMCC argued that because Mayberry had not established "an identifiable, personal stake in the Property, or in this litigation," he lacked standing to seek any affirmative relief or recover any portion of the commissioners' award.

At the beginning of the bench trial on March 7, 2016, the trial court inquired whether Mayberry had any interest in the 98-acre tract KMCC sought to condemn: "Let me ask you this. Is [Mayberry] claiming any ownership interest in the 98 acres that are the subject matter of this condemnation?" Mayberry's trial counsel explained that Mayberry had an interest in a larger, 600-acre tract, known as the Morris Tract, in which this 98-acre tract allegedly was contained, but stated that Mayberry had "no interest" in the land described in KMCC's petition.

After these discussions, the trial court called the condemnation proceedings to trial, and Mayberry testified in pertinent part as follows:

> This property that's being described in this petition is the fractional interest of T. L. Smith heirs and I own none of their fractional interest.

4

> I am not an heir of T. L. Smith. At the time of the taking I owned none of their fractional interest.
>
> ***
>
> The [property listed in KMCC's petition] is describing the fractional interest of T. L. Smith heirs and I don't own any of their fractional interest.

When asked if KMCC's condemnation petition described Mayberry's property, he stated, "No." The trial court admitted numerous deeds granting property contained in the Morris Tract to Mayberry, but none of these transfers matched the property described in KMCC's condemnation petition.

In various trial court filings, Mayberry asserted that the court lacked jurisdiction to hear this case because he was the "wrong defendant." During the trial, Mayberry also urged that the court lacked jurisdiction because the property was "improperly described" in KMCC's condemnation petition, in that Mayberry had no interest in the 98-acre tract identified in that petition; instead, according to Mayberry, Mayberry had an interest in the larger Morris Tract, and KMCC's petition did not properly describe Mayberry's interest in the larger tract.

After hearing the evidence and arguments of counsel, the trial court signed a final judgment on June 13, 2016. In the judgment, the trial court found, among other things:

> At the trial of this cause, upon objection to any standing of Lyndon Mayberry to present evidence and prosecute a claim for personal damages, the Court provided him an opportunity to present evidence of his ownership interest in the Property in whole or in part. After hearing such evidence and all other arguments properly before the Court on this issue, the Court found that Lyndon Mayberry failed to meet his burden to prove that he had an ownership interest in the Property.

5

The court decreed that KMCC was entitled to condemn the 50-foot pipeline right-of-way in the 98-acre tract of land and, given KMCC's deposit of $13,043 in the registry of the court on June 3, 2013, KMCC was "released and discharged of its constitutional obligation to pay adequate compensation" to all defendants. The judgment stated that the $13,043 in condemnation damages would remain in the court's registry and paid to "those persons who can demonstrate . . . that they are the heirs of T.L. Smith whose identity was not known as of March 7, 2016." As to any other relief sought by all parties at the time of trial, the judgment denied relief.

This appeal timely followed.

## Governing Law

Texas Property Code Chapter 21 governs eminent-domain proceedings. "The Texas eminent-domain scheme is a two-part process that begins with an administrative proceeding followed, if necessary, by a judicial one." *City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006) (per curiam). An entity with eminent-domain authority, such as condemnor KMCC, that cannot reach an agreement with the property owner(s), initiates the administrative phase of condemnation proceedings by filing a petition in the proper court. Tex. Prop. Code § 21.012(a), (b); *see Beck*, 196 S.W.3d at 786. The court appoints three special commissioners to hold a hearing and determine the appropriate amount of compensation to the property owners. Tex. Prop. Code § 21.014-.015; *Beck*, 196 S.W.3d at 786. If the condemnor is satisfied with the award, it must pay the amount of the award to the condemnee(s), deposit that amount in the court's registry, or post a sufficient bond. *See* Tex. Prop. Code § 21.021(a); *Beck*, 196 S.W.3d at 786.

Either a condemnor or condemnee may challenge the special commissioners' award by filing "a written statement of the objections and their grounds" in the trial court. Tex. Prop. Code § 21.018(a); *see Beck*, 196 S.W.3d at 786. "Upon the filing

6

of objections, the award is vacated and the administrative proceeding converts into a judicial proceeding." *Beck*, 196 S.W.3d at 786 (citing *Denton Cty. v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962)). In such a judicial proceeding, "the burden of proof regarding the right to condemn and certain other matters is generally on the condemnor, [but] the 'burden as to value is on the condemnee.'" *Religious of Sacred Heart of Tex. v. City of Houston*, 836 S.W.2d 606, 613 (Tex. 1992) (quoting *Miers v. Hous. Auth. of City of Dallas*, 266 S.W.2d 842, 845 (Tex. 1954)); *State v. Moore Outdoor Props., L.P.*, 416 S.W.3d 237, 247 (Tex. App.—El Paso 2013, pet. denied) ("In a condemnation proceeding, the burden to establish the value of the condemned property is on the condemnee.").

## Analysis

Believing Mayberry had no justiciable interest in the property, KMCC challenged Mayberry's standing to assert affirmative claims or recover any portion of the award. The trial court determined that Mayberry lacked standing because he failed to demonstrate any ownership interest in the condemned property. In his first two appellate issues, Mayberry challenges the trial court's ruling regarding his standing. As we discuss below, we conclude that Mayberry's lack of a justiciable interest in the subject property disposes of this appeal. *See Country Cmty. Timberlake Vill., L.P. v. HMW Special Util. Dist. of Harris & Montgomery Counties*, 438 S.W.3d 661, 666-67, 672 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (concluding that defendants, developers and homeowners, who neither held deed restrictions nor other property interests, lacked standing to recover condemnation damages).

"[F]or any person to maintain a suit it is necessary that he have standing to litigate the matters at issue." *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984). We review the legal question of whether a party has standing to maintain a suit de novo.

7

*See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). Standing pertains to an individual's justiciable interest in a lawsuit, and a person has standing when an alleged wrong affects him personally. *See Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). Standing generally requires a real controversy between the parties, which will be actually determined by the relief sought. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).

The only parties entitled to a condemnation award are the owners of the condemned property at the time of the taking. *City of Austin v. Capitol Livestock Auction Co., Inc.*, 453 S.W.2d 461, 463 (Tex. 1970); *Beutel v. Dall. Cty. Flood Control Dist., No. 1*, 916 S.W.2d 685, 692 (Tex. App.—Waco 1996, writ denied); *see also* Tex. Prop. Code § 21.042(a), (c), (d). A party "must have a compensable interest in the property at issue" to recover compensation for a taking. *Cf. Brownlow v. State*, 251 S.W.3d 756, 760 (Tex. App.—Houston [14th Dist.] 2008), *affirmed by State v. Brownlow*, 319 S.W.3d 649 (Tex. 2010); *cf. also Cont'l Food, Inc. v. State*, No. 05-09-01249-CV, 2011 WL 258999, at *2-4 (Tex. App.—Dallas Jan. 27, 2011, no pet.) (mem. op.) ("[A] party is required to show it has a compensable interest in the property at issue.").

Mayberry did not establish an ownership or other compensable interest in the property at the relevant time, the date of the taking. A taking occurs on the date when the condemnor lawfully takes either actual possession by physically entering the land or constructive possession by the deposit of the commissioners' award. *City of Fort Worth v. Corbin*, 504 S.W.2d 828, 830 (Tex. 1974); *see also Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60-61 (Tex. 1991) (orig. proceeding). Here, KMCC deposited the award into the court's registry on June 7, 2013. Although Mayberry introduced numerous deeds proving an ownership interest in the Morris

8

Tract, none of the deeds established any interest in the 98-acre tract as of June 7, 2013. During his trial testimony, Mayberry agreed he had no ownership interest (or knew of none) in the 98-acre tract, and our review of the record confirms his acknowledgment. Instead, Mayberry stated repeatedly that he has a fractional interest in the larger Morris Tract. Yet, Mayberry does not identify or explain, and the record does not reveal, how his ownership interest in the Morris Tract impacts or creates any ownership interest—which he expressly disclaimed—in the relevant 98-acre tract.

As in his trial testimony, in his pleadings Mayberry conceded a lack of any compensable interest in the property. In both his amended answer and in his trial brief, Mayberry expressly disavowed any ownership interest in the 98-acre tract. Further, despite his characterization of the issues on appeal, Mayberry's brief clearly states that he had no ownership interest in subject property, but only had an interest in the Morris Tract.

In short, Mayberry did not establish that he had any compensable interest in the property at issue. *Cf. Cont'l Food, Inc.*, 2011 WL 258999, at *2-4; *Brownlow*, 251 S.W.3d at 760; *see also In re S.M.D.*, 329 S.W.3d 8, 13 (Tex. App.—San Antonio 2010, pet. dism'd) ("The burden of proof on the issue of standing is on the party asserting standing."). Accordingly, Mayberry does not have a justiciable interest in this suit, and the trial court did not err in so holding. *See Beutel*, 916 S.W.2d at 692. We overrule Mayberry's first two issues. As Mayberry is not a proper party to the condemnation suit, we will not consider his remaining arguments on appeal. *Id.*; *see Tex. Workers' Comp. Ins. Fund v. Mandlbauer*, 988 S.W.2d 750, 752 (Tex. 1999) ("Texas courts have long held that appealing parties may not complain of errors that do not injuriously affect them or that merely affect the rights of others."); *see also Soon Phat, L.P. v. Alvarado*, 396 S.W.3d 78, 104 (Tex. App.—

9

Houston [14th Dist.] 2013, pet. denied); *cf. Country Cmty. Timberlake Vill.*, 438 S.W.3d at 671-72.[9]

## Conclusion

Mayberry's lack of standing related to the condemnation proceeding is dispositive of this appeal. We overrule Mayberry's issues challenging the trial court's conclusion that he lacked standing and affirm the trial court's judgment without reaching his remaining issues.

/s/     Kevin Jewell
        Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jewell.

---

[9] In portions of his brief, Mayberry appears to argue on behalf of the unknown property owners or other non-parties. Mayberry may not enforce the rights of any unserved, potential owners. *See Metropolitan Transit Auth. of Harris Cty. v. Graham*, 105 S.W.3d 754, 759-60 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (citing *Union Fraternal Latino Americana v. City of San Antonio*, 315 S.W.2d 68, 70 (Tex. Civ. App.—San Antonio 1958, no writ)). Similarly, Mayberry has no standing to argue the interests of non-parties. *See Beutel*, 916 S.W.2d at 693 (holding appellant had no standing to assert argument on behalf of party who disclaimed all interest in condemnation suit).